NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER TERAN, | No. 11-15666 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-02258-DLB |
| v. | |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding[**]

Argued and Submitted October 19, 2012
San Francisco, California

Before: HAWKINS, N.R. SMITH,[***] and MURGUIA, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] Tried by consent before a magistrate judge.

[***] Judge N.R. Smith was drawn to replace Judge Betty Binns Fletcher. Judge Smith has read the briefs, reviewed the record, and listened to the oral arguments that were held on October 19, 2012.

Jennifer Teran ("Teran") appeals the district court's judgment affirming the administrative law judge's ("ALJ") denial of her Social Security disability claim. We reverse and remand.

The ALJ concluded that Teran suffered from a number of severe impairments, including fibromyalgia. Nonetheless, he found Teran's testimony regarding her pain and symptoms not fully credible and rejected the opinion of Dr. Watrous, Teran's treating rheumatologist who diagnosed her fibromyalgia. The ALJ then conducted a residual functional capacity assessment and concluded that Teran was capable of "the full range of unskilled sedentary work," despite her limitations.

The ALJ failed to give clear and convincing reasons for his adverse credibility finding. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). Each of the proffered reasons is flawed, but the ALJ's emphasis on purported inconsistencies in Teran's description of her daily activities is especially troubling. Contrary to the ALJ's determination, Teran's testimony that she can walk for only five minutes before her back begins to hurt does not conflict with her statements that she goes grocery shopping with her husband and takes her children to school.

Even if grocery shopping and taking children to school required more than five consecutive minutes of walking, of which there is no evidence, Teran did not testify that she was unable to walk for five minutes, but rather that walking for any longer

was painful. Likewise, that Teran can sit comfortably for only five minutes is not undermined by her testimony that she watches four hours of TV per day. Teran never indicated that she watches TV sitting down (as opposed to lying down, standing up, or moving around), and she explicitly stated that she has to take breaks while watching and does not watch for four hours at a time.

The ALJ's own observations of Teran fail to support his adverse credibility finding. The ALJ found Teran's testimony that she can sit for only five minutes to be inconsistent with her behavior at the hearing, during which, as the ALJ describes, "she was able to sit for 30 minutes and did not shift position until it was pointed out to her that she had been sitting that long." This is unsupported by the record. When her attorney noted that she had been sitting for longer than five minutes, Teran responded that she was "very uncomfortable" and had been moving around in her chair, an explanation the ALJ never disputed on the record. She also acknowledged that she could sit for more than five minutes but explained that doing so was painful.

The ALJ's rejection of Dr. Watrous's opinion is similarly unjustified. "[T]o reject the opinion of a treating physician that is not contradicted by another doctor, the ALJ must provide 'clear and convincing' reasons." *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)). "Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may

3

not reject this opinion without providing 'specific and legitimate reasons' supported by substantial evidence in the record." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).[1] Even assuming a conflicting opinion, the ALJ failed to base his rejection of Dr. Watrous's assessment on specific and legitimate reasons supported by substantial evidence.

The ALJ appears to have accepted Dr. Watrous's fibromyalgia diagnosis but rejected his opinion as to the functional limitations resulting therefrom because (1) it was based on Teran's subjective complaints, and (2) it was inconsistent with Teran's behavior at the hearing and her descriptions of her daily activities.

Dr. Watrous conducted a rheumatological evaluation of Teran, met with Teran multiple times, and assessed that she had pain in sixteen of the eighteen tender point sites for fibromyalgia. His partial reliance on Teran's subjective complaints was an appropriate component of this evaluation, and the ALJ's conclusion to the contrary is incorrect. The ALJ's finding that Dr. Watrous's opinion was inconsistent with

---

[1] The ALJ does not appear to have based his rejection of Dr. Watrous's opinion on the existence of a contradicting opinion, and we are not convinced that there is one. We note, however, that the ALJ gave substantial weight to the opinion of state agency physician Dr. Bugg on the basis that it was "more consistent with the claimant's reported and observed limitations." While Dr. Bugg's ultimate conclusion as to Teran's limitations conflicts with that of Dr. Watrous, Dr. Bugg's evaluation was based on a primary diagnosis of a broken ankle, and does not appear to account for fibromyalgia. We question whether this opinion, assessing limitations based on a different diagnosis, can be considered inconsistent.

Teran's testimony and behavior at the hearing was based on the same flawed characterization of Teran's behavior that led to his adverse credibility finding and is unsupported by the evidence.

The only rheumatologist who offered an opinion in this case, Dr. Watrous treated Teran for almost two years. "The opinion of a treating physician is given deference because 'he is employed to cure and has a greater opportunity to know and observe the patient as an individual.'" *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). In failing to defer to Dr. Watrous's opinion or to reject that opinion with specific, legitimate reasons supported by substantial evidence, the ALJ erred.

When proper weight is afforded Teran's testimony and Dr. Watrous's opinion, the vocational expert's testimony establishes that Teran is unable to work, and it is clear that a determination of disability is appropriate. Accordingly, we reverse and remand with instructions to remand to the Commissioner of Social Security for determination of onset date and award of benefits.

**REVERSED and REMANDED**.