**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CRAIG DOUGLAS TOBELER,
*Plaintiff-Appellant*,

v.

CAROLYN W. COLVIN,
*Defendant-Appellee*.

No. 12-16392

D.C. No.
3:09-cv-00309-
ECR-RAM

OPINION

Appeal from the United States District Court
for the District of Nevada
Edward C. Reed, Jr., District Judge, Presiding

Argued and Submitted
March 14, 2014—San Francisco, California

Filed April 18, 2014

Before: Raymond C. Fisher and Marsha S. Berzon, Circuit
Judges, and Gordon J. Quist, District Judge.[*]

Opinion by Judge Fisher

---

[*] The Honorable Gordon J. Quist, Senior United States District Judge for
the Western District of Michigan, sitting by designation.

## SUMMARY[**]

**Equal Access to Justice Act / Attorney's Fees**

The panel reversed the district court's order denying a claimant's motion for attorney's fees under the Equal Access to Justice Act.

The panel held that the underlying federal agency action lacked a reasonable basis in law because the Social Security administrative law judge disregarded competent lay witness evidence without comment. The panel also held that the position of the United States in the underlying action was not substantially justified, and the claimant was entitled to an award of attorney's fees. The panel held that a fee award was appropriate even if the government's litigation position may have been justified because the government's underlying position was not substantially justified.

## COUNSEL

Linda S. Ziskin (argued), Lake Oswego, Oregon; John C. Boyden and John A. Aberasturi, Erickson, Thorpe & Swainston, Ltd., Reno, Nevada, for Plaintiff-Appellant.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Elizabeth Barry (argued), Special Assistant United States Attorney, Daniel G. Bogden, United States Attorney, Donna L. Calvert, Acting Regional Chief Counsel, Social Security Administration, San Francisco, California, for Defendant-Appellee.

## OPINION

FISHER, Circuit Judge:

Craig Tobeler appeals the district court's order denying his motion for attorney's fees under the Equal Access to Justice Act (EAJA). We have jurisdiction under 28 U.S.C. § 1291, we review for an abuse of discretion, *see Meier v. Colvin*, 727 F.3d 867, 869–70 (9th Cir. 2013), and we reverse.

"EAJA provides that 'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Meier*, 727 F.3d at 870 (quoting 28 U.S.C. § 2412(d)(1)(A)). "It is the government's burden to show that its position was substantially justified." *Id.* (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)). "Substantial justification means 'justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (internal quotation marks omitted). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Id.* (quoting *Pierce*, 487 U.S. at 565). "The 'position of the United States'

includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Id.* Thus, if "the government's underlying position was not substantially justified, we [must award fees and] need not address whether the government's litigation position was justified." *Id.* at 872.

Here, the underlying agency action lacked a reasonable basis in law because the administrative law judge (ALJ) disregarded competent lay witness evidence on Tobeler's symptoms without comment. Under our case law, "[l]ay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *accord Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Disregarding competent lay witness testimony without comment, therefore, constitutes "legal error[]," and it "deprive[s] the Commissioner of substantial justification." *Sampson v. Chater*, 103 F.3d 918, 922 (9th Cir. 1996); *see also Li v. Keisler*, 505 F.3d 913, 920–21 (9th Cir. 2007) (explaining that an agency's decision lacks substantial justification when it is "contrary to clearly established law").

Noting that our case law requiring a reasoned explanation for rejecting lay witness evidence applies solely to *competent* evidence, the government contends that the evidence at issue here was irrelevant, and hence, that the ALJ would have been substantially justified in treating it as incompetent. We disagree.

First, the ALJ would not have been substantially justified in treating the evidence as irrelevant. Tobeler's friend and

former employer, George Bandy, submitted a letter describing Tobeler's inability to handle work as a floor installer during three periods of employment in the early 1980s, 2001 and 2003. Although the government maintains that this evidence was irrelevant to whether Tobeler was capable of working during the relevant period between January 1 and September 30, 1999, it offers no legal support for that contention. Evidence is relevant when it has "any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Bandy's statement that Tobeler was incapable of working in 2001 is relevant to his ability to work in 1999, at least in the absence of any evidence that Tobeler's condition worsened between 1999 and 2001. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036–37 (9th Cir. 2007) (claimant's failed attempt to work in 1999 relevant to his ability to work during the relevant time period between 1993 and June 1998); *cf. Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) ("[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition." (quoting *Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988))).

Kimberli Tobeler, Tobeler's wife, submitted a detailed statement describing Tobeler's problems with depression, anxiety and anger and contrasting Tobeler's condition before and after the onset of his disability. The government argues that Mrs. Tobeler's statements are irrelevant because she completed the questionnaire in 2006, not in 1999. There is no reason to assume, however, that Mrs. Tobeler was describing Tobeler's limitations solely in 2006, rather than throughout his period of disability. Furthermore, in the absence of any indication that Tobeler's condition worsened between 1999 and 2006, we do not see why his condition in 2006 would not be at least minimally relevant to his condition in 1999.

Finally, to the extent that Mrs. Tobeler's statement was vague as to time, it was within the power of the ALJ to clarify the record. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). We note that Mrs. Tobeler provided her information by completing a form created by the Social Security Administration – Form SSA-3380-BK. Mrs. Tobeler should not be faulted for failing to provide details as to time that the form did not ask her to provide.

Second, even if the lay witness evidence could be considered irrelevant, the ALJ was not substantially justified in disregarding it without comment. Our case law is clear that the ALJ must provide germane reasons for rejecting *competent* lay witness evidence, and relevance and competence are not the same thing. Under our case law, lay witness testimony is "incompetent" when it consists of a medical diagnosis, because "medical diagnoses are beyond the competence of lay witnesses" to make. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). But "lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work *is* competent evidence and therefore *cannot* be disregarded without comment." *Id.* (citations omitted). The evidence provided by Bandy and Mrs. Tobeler was plainly competent, *see Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993) ("[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to her condition."); *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) ("Descriptions by friends and family members in a position to observe a claimant's symptoms and daily activities have routinely been treated as competent evidence."), and therefore could not be disregarded without comment, regardless of its relevance.

The government's reliance on *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir. 1984) (per curiam), is misplaced.  Although we held in *Vincent* that the ALJ did not err by ignoring lay witness evidence without comment, the lay witnesses at issue there had made medical diagnoses – diagnoses that they were not competent to make.  *See Nguyen*, 100 F.3d at 1467.  We explicitly limited *Vincent* in *Nguyen*, where we made clear that lay witness testimony *as to a claimant's symptoms or how an impairment affects ability to work* is competent evidence that *cannot* be disregarded without comment.  *See id.*

Because the ALJ disregarded competent lay witness evidence without comment, the position of the United States in the underlying action was not substantially justified.  *See Li*, 505 F.3d at 920–21; *Sampson*, 103 F.3d at 922.  Tobeler is therefore entitled to an award of attorney's fees.

The government points out that its *litigation position* was substantially justified because it reasonably argued in the district court that the ALJ's error was harmless under *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).  To avoid an award of EAJA fees, however, the government must show that its position was substantially justified at each stage of the proceedings.  *See Meier*, 727 F.3d at 872; *Li*, 505 F.3d at 919 ("[W]e have consistently held that regardless of the government's conduct in the federal court proceedings, unreasonable agency action at any level entitles the litigant to EAJA fees.").  Because the government's *underlying* position was not substantially justified, we award fees, even if the government's *litigation* position may have been justified.

The district court concluded that the government's position was substantially justified because, "[w]hile Plaintiff

prevailed on the issue of lay witness testimony, the remainder of the ALJ's conclusions were affirmed." This rationale conflicts with our case law, which requires us to award fees when "the Secretary's position *on the . . . issues that led to remand* was not substantially justified." *Flores v. Shalala*, 49 F.3d 562, 564 (9th Cir. 1995) (emphasis added). As we explained in *Flores*:

> We conclude that we may resolve the question of Flores' entitlement to attorney's fees by considering only the procedural issues on which the district court reversed – specifically, the Secretary's failure to take into account the vocational report discussing the claimant's cognitive limitations. In this case, we need not consider the Secretary's position on any other questions, including the ultimate issue of disability.

*Id.* at 566; *see also Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) ("Under the Act, attorneys' fees are to be awarded to a party winning a . . . remand unless the Commissioner shows that his position with respect to the issue on which the district court based its remand was 'substantially justified.'" (citing *Flores*, 49 F.3d at 568–69)).[1]

---

[1] Like this case, *Flores* involved a mixed result in the district court. The district court affirmed the ALJ on one issue (sustaining the ALJ's determination that the claimant was not disabled at step two in the familiar five-step sequential process) but remanded on a second issue (holding that the ALJ had improperly failed to account for the claimant's cognitive limitations, both in the hypothetical question posed to the vocational expert and in the ALJ's ultimate disability decision). *See Flores*, 49 F.3d at 565. In determining that the government's position was not substantially justified, we focused exclusively on "whether the Secretary

This principle accords with "the policy goal of EAJA," which "is to encourage litigants to vindicate their rights where any level of the adjudicating agency has made some error in law or fact and has thereby forced the litigant to seek relief from a federal court." *Li*, 505 F.3d at 919. The issue that led to remand here was the ALJ's disregard of competent lay witness testimony without comment, and the government's position on that issue was not substantially justified. Tobeler is therefore entitled to an award of fees.

We conclude that the district court abused its discretion by finding the position of the United States substantially justified. We therefore reverse the order denying Tobeler's motion for EAJA fees. Because the parties dispute the amount of the award, we remand for an award of fees to be determined by the district court.

**REVERSED AND REMANDED.**

---

was substantially justified with respect to the procedural issue on which Flores prevailed in district court." *Id.* at 566.