**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JENNIFER TERAN, | No. 13-16132 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-02258-SAB |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Stanley Albert Boone, Magistrate Judge, Presiding

Submitted August 18, 2014,[**]

Before:     D.W. NELSON, LEAVY, and THOMAS, Circuit Judges.

Jennifer Teran appeals the district court's order denying her motion for

attorneys' fees under the Equal Access to Justice Act ("EAJA") in her action for

judicial review of the Commissioner of Social Security's denial of her application

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

for disability insurance benefits under Title II of the Social Security Act. Teran sought attorneys' fees after this court issued a memorandum disposition reversing the district court's judgment and remanding with instructions for the district court to remand to the Commissioner for determination of onset date and award of benefits. *See Teran v. Astrue*, 499 Fed. Appx. 660, 663 (9th Cir. Nov. 20, 2012). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's order denying a motion for attorneys' fees under EAJA for an abuse of discretion. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014).

EAJA provides that in a Social Security case, a court shall award attorneys' fees to a prevailing party other than the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Tobeler*, 749 F.3d at 832. The government must demonstrate that both its litigation position and the agency decision on review (that is, the ALJ's decision) were substantially justified. *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (order). In order to be substantially justified, the government's position must have a "reasonable basis both in law and fact." *Tobeler*, 749 F.3d at 832 (citation and quotations omitted).

The district court did not abuse its discretion in holding that the administrative law judge's adverse credibility finding, as well as the Commissioner's litigation position in support of that finding, were substantially justified. *See id.* The district court correctly concluded that the ALJ's finding had a reasonable basis in law because inconsistencies in a claimant's statements and an ALJ's observation of behavior that does not jibe with a claimant's testimony are legitimate reasons for rejecting the claimant's credibility. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (setting forth factors on which ALJ may rely in assessing claimant's credibility); *Orn v. Astrue*, 495 F.3d 625, 639-40 (9th Cir. 2007) (stating that ALJ may rely on personal observations of claimant's functioning). The district court also did not err in concluding that the ALJ's adverse credibility finding had a reasonable basis in fact. *See Tobeler*, 749 F.3d at 832. Although this court rejected the ALJ's inferences regarding Teran's activities and her behavior at the hearing, these inferences had substance in the record. *See Hardisty v. Astrue*, 592 F.3d 1072, 1080 (9th Cir. 2010).

The district court did not abuse its discretion in holding that the ALJ's rejection of a treating doctor's opinion, as well as the Commissioner's litigation position in support of the ALJ's finding, were substantially justified. *See Tobeler*, 749 F.3d at 832. In Teran's prior appeal, this court concluded that the ALJ's

finding that the doctor's opinion was inconsistent with Teran's testimony and behavior at the hearing "was based on the same flawed characterization of Teran's behavior that led to his adverse credibility finding and [was] unsupported by the evidence." *Teran*, 499 Fed. App'x at 663. Nonetheless, the ALJ's finding had a reasonable basis in law. *See Tommasetti*, 533 F.3d at 1041 (holding that ALJ may reject treating physician's opinion that is based to a large extent "on a claimant's self-reports that have been properly discounted as incredible"); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (holding that ALJ properly rejected physician's opinion that was inconsistent with claimant's level of activity). The ALJ's decision to accord little weight to the doctor's opinion also had a reasonable basis in fact because, as discussed above, the ALJ's inferences regarding Teran's activities and behavior at the hearing, and resulting adverse credibility finding, had justification in the record. *See Campbell*, 736 F.3d at 868-69.

**AFFIRMED.**