**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROCKY W. LINGE,

            Plaintiff - Appellant,

   v.

CAROLYN W. COLVIN,

            Defendant - Appellee.

No. 13-35430

D.C. No. 3:12-CV-05304-JPD

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
James P. Donohue II, Magistrate Judge, Presiding

Submitted November 3, 2014[**]

Before: THOMAS, Chief Judge, and D.W. NELSON and LEAVY, Circuit Judges.

Rocky W. Linge appeals the district court's order denying his motion for attorneys' fees under the Equal Access to Justice Act ("EAJA") in his action for judicial review of the Commissioner of Social Security's denial of his application for supplemental security income under Title XVI of the Social Security Act.

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Linge sought attorneys' fees following the district court's reversal of the Commissioner's decision and its remand for further proceedings. We review for an abuse of discretion, and we affirm. *See Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014).

EAJA provides that in a Social Security case, a court shall award attorneys' fees to a prevailing party other than the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Tobeler*, 749 F.3d at 832. The government must demonstrate that both its litigation position and the agency decision on review were substantially justified. *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (order).

Here, the agency decision was substantially justified. *See id*. The district court reversed the Commissioner's decision because the administrative law judge had not incorporated into his assessment of Linge's residual functional capacity a doctor's report submitted for the first time to the Appeals Council. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) (holding that when Appeals Council considers newly submitted evidence in denying review, that evidence is part of administrative record, which district court must consider in determining whether Commissioner's decision is supported by substantial

evidence). The district court interpreted *Brewes* as requiring a remand to the administrative law judge because the newly submitted report suggested that Linge had a potentially severe impairment of sleep apnea. *See id.*, *see also Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012) (holding that all medically determinable impairments must be considered in determining residual functional capacity). However, as the district court concluded in its order denying attorneys' fees, the doctor's report on Linge's sleep apnea did not discuss limitations clearly at odds with the ALJ's finding that Linge had the residual functional capacity to perform light work. Accordingly, the agency's decision had justification in the record. *See Campbell*, 736 F.3d at 868; *Hardisty v. Astrue*, 592 F.3d 1072, 1080 (9th Cir. 2010).

**AFFIRMED.**