**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 11 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SUE MARIE WRIGHT,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN, Commissioner Social Security Administration,<br><br>Defendant - Appellee. | No. 14-35066<br><br>D.C. No. 3:12-cv-00723-MO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted February 13, 2015[**]

Before:    LEAVY, GRABER, and OWENS, Circuit Judges.

Sue Marie Wright appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We affirm.

The district court did not deny Wright due process by ruling from the bench rather than issuing a written decision.  The district court's oral ruling, recorded in a written transcript, together with the administrative record, provide sufficient facts and reasoning to allow Wright an understanding of the disposition of her case, and to enable an informed review by this court.  *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1226 (9th Cir. 2009) (explaining that meaningful review of an administrative decision requires access to the facts and reasons supporting that decision); *cf. United States v. Sesma-Hernandez*, 253 F.3d 403, 405 (9th Cir. 2001) (en banc) (holding that "oral findings on a transcribed record are sufficient to meet the 'in writing' requirement of due process" for a district court's decision in a criminal case to revoke supervised release).

The administrative law judge ("ALJ") did not err in failing to evaluate evidence regarding Wright's employment record from 2002.  This evidence was not probative of whether Wright lacked the residual functional capacity to perform any work during the period beginning in October 2008, her alleged disability onset date.  *See Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir. 2014) ("Evidence is relevant when it has 'any tendency to make a fact more or less probable than it would be without the evidence'"(quoting Fed. R. Evid. 401(a))).  Even assuming

2

the evidence was relevant, any error on the part of the ALJ was harmless because the employment records "did not describe any limitations beyond those [Wright] herself described, which the ALJ discussed at length and rejected based on well-supported, clear and convincing reasons." *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012) (footnote omitted).

**AFFIRMED.**