**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 19 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILLIP EUGENE WATKINS, | No. 13-35510 |
| Plaintiff - Appellant, | D.C. No. 6:11-cv-06334-JO |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, Senior District Judge, Presiding

Submitted May 8, 2015**
Portland, Oregon

Before: W. FLETCHER and HURWITZ, Circuit Judges and BAYLSON,*** Senior
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael M. Baylson, Senior District Judge for the U.S.
District Court for the Eastern District of Pennsylvania, sitting by designation.

Phillip Eugene Watkins appeals a district court order affirming the Commissioner's denial of an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381–1383f. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

**1.** The Administrative Law Judge (ALJ) found Watkins' testimony about the severity of his symptoms and limitations not credible because the testimony was inconsistent with his daily activities, the medical evidence, and the record as a whole. The ALJ gave the required "'specific, clear and convincing reasons'" for rejecting the testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). The ALJ also identified affirmative evidence suggesting that Watkins was malingering. *See id.*; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir. 2008).

**2.** The ALJ found lay witness evidence from Watkins' mother and a friend of limited value because the daily activities the witnesses described were not consistent with someone who was unable to work. This is a germane reason for discounting the lay evidence. *See Carmickle*, 533 F.3d at 1163–64. The ALJ also discounted the mother's testimony because it was not based on medical testing, and the friend's third-party report because it did not discuss treatment or aggravating/precipitating factors. Even assuming that these reasons were not appropriate, *see Bruce v. Astrue*, 557 F.3d

2

1113, 1116 (9th Cir. 2009) (holding that an ALJ cannot discredit lay testimony solely because it is "not supported by medical evidence in the record") and *Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir. 2014) (noting that a lay witness "should not be faulted for failing to provide details . . . that the form did not ask her to provide"), any error was harmless. The lay evidence describing Watkins' lifestyle was similar to other testimony that the ALJ found unpersuasive in light of evidence that Watkins could function in a work environment. *See Molina*, 674 F.3d at 1121–22.

**3.** The record contained conflicting examining physicians' reports. The ALJ gave more weight to Dr. Duvall's report because it was based on objective medical evidence, consistent with the record, and corroborated by reviewing physicians. In contrast, the report by Dr. Richardson was inconsistent with testing results, was based on subjective testimony that the ALJ discounted, and ignored evidence of malingering. The ALJ thus provided specific, legitimate reasons supported by substantial evidence in the record for accepting Dr. Duvall's opinion over Dr. Richardson's opinion. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

**4.** We reject Watkins' remaining challenges to the ALJ's decision because they are predicated on alleged limitations we have concluded the ALJ properly ignored.

**AFFIRMED**