FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 02 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT JAMTAAS, | No. 13-35490 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-05157-BHS |
| v. | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted April 10, 2015
Seattle, Washington

Before: HAWKINS, RAWLINSON, and CALLAHAN, Circuit Judges.

Robert Jamtaas (Jamtaas) appeals the district court's order affirming the

denial of his application for supplemental security income under the Social

Security Act. We affirm.

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The Administrative Law Judge (ALJ) provided specific and legitimate reasons, supported by substantial evidence, for weighing the opinions of the various medical providers. *See Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Substantial evidence supported the ALJ's decision to discount Dr. Wingate's assessment of functional limitations that were based on her diagnosis of Post-Traumatic Stress Disorder (PTSD). *See Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Jamtaas did not testify at his administrative hearing to symptoms of PTSD, and no other doctor diagnosed him with PTSD. Thus, the ALJ's duty to develop the record was not triggered. *See Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930-31 (9th Cir. 2014).

**2.** The ALJ also provided specific, clear and convincing reasons, supported by substantial evidence, for rejecting Jamtaas' testimony about the severity of his symptoms. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163-64 (9th Cir. 2014). These reasons included Jamtaas' own inconsistent statements, his daily activities, and his prior work history. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 693 (9th Cir. 2009).

**3.** The ALJ provided germane reasons for rejecting the statement of Jamtaas' father to the extent that it was inconsistent with the overall evidence. *See Tobeler v. Colvin*, 749 F.3d 830, 833-34 (9th Cir. 2014).

**4.** Because the ALJ did not err in his evaluation of the medical evidence, Jamtaas' testimony, and the lay witness evidence, he did not err in his residual functional capacity determination, which was supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

**5.** The ALJ properly relied on the testimony from the vocational expert because it was based on a hypothetical which contained the limitations that the ALJ found were supported by the evidence. *See Ghanim*, 763 F.3d at 1166.

**AFFIRMED.**