**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MICHAEL D. MCLEAN,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>Defendant - Appellee. | No. 14-35204<br><br>D.C. No. 3:11-cv-05763-BHS<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted March 7, 2016[**]

Before:     PREGERSON, LEAVY and OWENS, Circuit Judges.

After an Administrative Law Judge ("ALJ") issued a partially favorable

decision, Michael McLean filed a complaint for judicial review in federal district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court. The district court entered judgment in favor of McLean, reversing and remanding for further proceedings. The district court, however, denied McLean's motion for attorneys fees under the Equal Access to Justice Act ("EAJA"). McLean appeals only the district court's order denying his motion for attorneys fees under EAJA.

We have jurisdiction under 28 U.S.C. § 1291. We review the district court's decision denying attorneys fees for abuse of discretion. *Tobeler v. Colvin*, 749 F.3d 830, 832 (9th Cir. 2014). We reverse and remand for an award of fees because the ALJ's decision that McLean experienced medical improvement on October 25, 2007, was not substantially justified.

First, the ALJ failed to discuss significant, probative record evidence that was clearly contrary to her finding that McLean stopped taking his medication due to an improvement in his symptoms. The ALJ's mischaracterization of, and failure to weigh properly, the record evidence cannot be said to be justified to a degree that could satisfy a reasonable person. *Meier v. Colvin*, 727 F.3d 867, 870, 872 (9th Cir. 2013); *cf. Sampson v. Chater*, 103 F.3d 918, 921–22 (9th Cir. 1996). Second, the ALJ violated the agency's own regulations in failing to discuss the side effects of McLean's medication and failing to address explicitly whether the side effects supported adequately the decision to temporarily discontinue use of his

2

mental health medication.  *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001); SSR 96-7p, 1996 WL 374186 (July 2, 1996); 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv).  The ALJ's failure to credit McLean's symptom testimony was not harmless because it affected the ultimate determination that he experienced medical improvement as of October 25, 2007. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

Where, as here, the ALJ's decision was not substantially justified, this court need not reach the issue of whether the Commissioner's litigation position was substantially justified.  *Tobeler*, 749 F.3d at 832.  We therefore reverse the district court's order and remand for an award of EAJA fees.

**REVERSED and REMANDED.**