

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAMMY LYNN ROWAN, | No. 14-16367 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00085-SRB |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted May 11, 2016
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Tammy Lynn Rowan ("Rowan") appeals the district court's judgment

affirming the denial of disability benefits by the Commissioner of the Social

Security Administration ("Commissioner"). We have jurisdiction pursuant to 28

U.S.C. § 1291. We review de novo a district court's judgment upholding a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

decision by the Commissioner that denies benefits to an applicant. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). We reverse and remand for a new hearing.

**1.** Rowan last worked in March 1991, and her Date Last Insured ("DLI") was June 30, 1995. *See* 42 U.S.C. § 423(c)(1). To qualify for benefits, Rowan must establish onset of disability between the day after she last worked (March 31, 1991) and her DLI (June 30, 1995). *See id.* Rowan first applied for disability benefits in 1999, alleging an onset of disability between March 31, 1991 and June 30, 1995.[1] Her application was denied in 2000. In 2006, she filed a second application, alleging an onset of disability on March 31, 1991. The date of Rowan's second application was beyond the four-year limitation for reopening a prior disability application. 20 C.F.R. § 404.988(b). Nonetheless, as the administrative law judge ("ALJ") and Appeals Council determined, an applicant may file a subsequent application if she provides new evidence material to the disability claim.

---

[1] The 1999 application is not contained in the Certified Administrative Record, and it is not clear from the other materials in the record what specific date Rowan alleged as her disability onset date in this initial application. However, because Rowan last met the insured status requirements of the Social Security Act on June 30, 1995, she would have been required to establish onset of disability before that date for the 1999 application.

2

After extended administrative proceedings, the Appeals Council remanded Rowan's claim to an ALJ for a hearing, which was held on November 10, 2010. At the hearing, Rowan's attorney asked the ALJ whether he had reviewed the prior file, and the ALJ indicated that he only had an electronic file. After the hearing, Rowan's attorney advised the ALJ that the electronic file did not contain the prior record. The ALJ issued an unfavorable decision.

In his decision, the ALJ determined that res judicata did not bar Rowan's claim. The ALJ explained that he had "thoroughly reviewed the prior file and although much of the evidence submitted by the claimant's attorney post-dates the claimant's date last insured . . . , the current record contains new and material evidence [as] to the severity and persistence of the symptoms of" the medically determinable impairments of obesity and depression. In considering the merits of Rowan's disability claim, however, the ALJ did not consider the evidence from the prior file and did not list any medical records from the prior file as exhibits. Because the ALJ did not consider these records in making the ultimate disability determination, the Commissioner did not include the prior file records in the Certified Administrative Record for this case.

2. Rowan argues that the ALJ erred in failing to consider medical evidence from her prior file in making his disability determination. We agree. The ALJ

3

found that res judicata did not bar Rowan's claim because she had submitted "new and material evidence [as] to the severity and persistence of the symptoms of" her impairments during the 1991–1995 period. In so ruling, the ALJ properly recognized that new evidence regarding a claimant's impairments after the DLI can be relevant to assessing those impairments prior to the DLI. *See Smith v. Bowen*, 849 F.2d 1222, 1225 (9th Cir. 1988); *see also Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir. 2014); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1228–29 (9th Cir. 2010).

The ALJ concluded that these new records were relevant for establishing the "severity and persistence" of Rowan's medically determinable impairments of obesity and depression. Nonetheless, in evaluating the merits of Rowan's disability claim, the ALJ failed to consider evidence of these impairments from the March 1991 through June 1995 time period contained in the prior file. "The ALJ in a social security case has an independent duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citation omitted). In this case, the record as a whole included the records from the prior file, and the ALJ was required to consider those records in assessing the cumulative impact of the new and the old evidence.

4

Because the ALJ erred in failing to consider the prior record evidence in making his disability determination, we reverse the judgment of the district court and remand with instructions to remand to the Commissioner. On remand, the agency shall conduct a new hearing on Rowan's disability claim and shall consider all of the evidence—including the prior record evidence—in making a disability determination.

3.     Because we reverse the judgment of the district court, we do not address the remaining issues raised by Rowan on appeal.

**REVERSED and REMANDED.**