**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KATHLEEN A. CHAPMAN, | No. 15-35049 |
| Plaintiff - Appellant, | D.C. No. 3:14-cv-05078-BHS |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted August 23, 2016**

Before:     PREGERSON, LEAVY and OWENS, Circuit Judges.

Kathleen A. Chapman appeals from the district court's judgment affirming

the Commissioner of Social Security's denial of Chapman's application for

disability insurance benefits and supplemental security income under Titles II and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. At step five of the sequential evaluation process, the administrative law judge ("ALJ") determined that Chapman could perform jobs that exist in significant numbers in the national economy. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

In her written decision, the ALJ failed to mention a two-page "Work Activity Questionnaire" completed by Chapman's former supervisor. This omission was error because the questionnaire includes information concerning Chapman's ability to work, and the ALJ was obliged to comment on it. *Tobeler v. Colvin*, 749 F.3d 830, 833-34 (9th Cir. 2014); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). The error, however, was harmless.

Chapman does not challenge any other aspect of the ALJ's decision, including the determination that Chapman's symptom testimony was not fully credible, the sufficiency of the evidence supporting the residual functional capacity assessment, and the step-five determination that Chapman could perform other jobs existing in the national economy. The lay witness questionnaire addresses Chapman's ability to perform her past work in retail sales. It does not provide information relevant to Chapman's ability to perform other work in the national economy. Accordingly, the ALJ's failure to discuss this questionnaire is

inconsequential to the ALJ's nondisability determination. *See Molina*, 674 F.3d at 1117-22.

**AFFIRMED.**