NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEVIN L. HILSINGER, | No. 23-35556 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-00501-SI |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted August 20, 2024**
Portland, Oregon

Before: CHRISTEN and NGUYEN, Circuit Judges, and EZRA,*** District Judge.

Appellant Kevin Hilsinger ("Appellant") filed a Title II application

for disability insurance benefits ("DIB") on October 29, 2019, alleging inability to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable David A. Ezra, United States District Judge for the Western District of Texas, sitting by designation.

work based on an aortic aneurism, type A aortic dissection of bilateral iliac arteries, chronic heart failure, chronic venous insufficiency, hypertension, hyperlipidemia, ascending aortic replacement, aortic arch replacement, a pacemaker, kidney cysts and gallstones. Appellant alleges these disabilities were onset on January 14, 2018. Appellant's claims were initially denied on March 6, 2020, and were denied upon reconsideration on May 14, 2020. The Appeals Council denied Appellant's request for review on February 14, 2022.

Before this Panel is a decision of an Administrative Law Judge (the "ALJ"), dated November 1, 2021, denying Appellant's Title II claim for DIB, which the district court affirmed on December 15, 2021. Appellant then filed the present appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the decision affirming the ALJ's denial of benefits de novo. *See Webb v. Barnhart*, 433 F.3d 683, 685–86 (9th Cir. 2005). This Court will overturn the ALJ's decision if the decision is not supported by substantial evidence or if it is based on legal error. *Gonzales v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

Appellant contends the ALJ erred by (1) failing to assess the supportability and consistency factors regarding Dr. Castro's opinion, (2) inadequately assessing the supportability and consistency factors regarding Dr. Moner's opinion, and (3) discounting Appellant's subjective symptom testimony. We hold that the ALJ did not commit reversible error on any of the grounds

Appellant asserts, and we affirm the district court's judgment.

1. The ALJ Adequately Assessed the Supportability and Consistency of Dr. Castro's Opinion

Appellant argues that "[w]hen assessing [Dr. Castro's] medical opinion, the ALJ did not assess the consistency and supportability factors."

For claims filed after March 27, 2017, the ALJ determines which medical opinions are most "persuasive" to make a disability benefits determination. 20 C.F.R. § 404.1520c(a)-(b). When determining the persuasiveness of each medical opinion, the ALJ must explain how he considered the two most important factors—"supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (quoting 20 C.F.R. § 404.1520c(a)); *see* 20 C.F.R. § 404.1520c(b)(2). To assign a medical opinion little weight without erring, an ALJ must do "more than ignor[e] it," assert "without explanation that another medical opinion is more persuasive," or criticize it with "boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). But "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

The ALJ adequately addressed supportability by finding "that Dr.

Castro's opinion lacks both probative and persuasive value" because Dr. Castro "did not begin treating [Appellant] until after [Appellant's] date last insured, and as written it appears he is opining to [Appellant's] current abilities and limitations." While in general, "[m]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the pre-expiration condition," *Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir. 2014) (quoting *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995)), an ALJ may discount such evidence where, as here, there is "evidence that [the claimant's] condition worsened" in the interim, *id.* Appellant reported that his symptoms from chronic heart failure, including "intense dizzy spells," increased in frequency and duration beginning in March 2020, after the insured period.

The ALJ adequately addressed consistency by finding that "the medical evidence generated during the relevant Title II period and the opinions of Drs. Moner and Brown are more representative of [Appellant's] vocational abilities and limitations prior to his date last insured" than Dr. Castro's opinion. As the ALJ explained, the evidence generated during the insured period showed that Appellant "exhibit[ed] 5/5 strength in his bilateral lower extremities," "walked around his neighborhood 45 minutes a day, five days a week, and did not experience problems with weakness, chest pain, or shortness of breath." Dr. Castro found that Appellant experienced "significant lightheadedness" and

4

limitations in his lower extremities and could not stand or walk for more than 20 minutes per day. Substantial evidence supports the ALJ's conclusion that Dr. Castro's opinion was an outlier.

2. The ALJ Adequately Assessed the Supportability and Consistency of Dr. Moner's Opinion

Appellant argues that "the ALJ never explained how Dr. Moner's findings were supported by her own explanation." But the ALJ explained that "[i]n support of her opinion, Dr. Moner cited to specific evidence of record, including direct physical examinations of [Appellant], objective lab studies and other reports, and [Appellant's] documented course of treatment prior to his date last insured." The ALJ found that Dr. Moner's opinion was "well supported by the medical evidence of record generated prior to the claimant's date last insured," evidence that the ALJ had previously discussed at length. Although Appellant argues that this evidence supports a different conclusion, "[w]e may not reweigh the evidence or substitute our judgment for that of the ALJ." *Ahearn v. Saul*, 988 F.3d 1111, 1115 (9th Cir. 2021). The ALJ adequately explained why he found Dr. Moner's opinion supportable, and substantial evidence supports that determination.

Appellant further argues that the ALJ "never explained why Drs. Moner's and Brown's findings were consistent with the other medical and non-medical source evidence in the record." Dr. Moner found that Appellant was

capable of "lightwork" as defined by 20 C.F.R. § 404.1567(b).[1]  The ALJ

determined that Dr. Moner's opinion was consistent with Appellant's medical

record, which included, among other supporting pieces of evidence, a statement

from Appellant's medical provider in January 2019 that approved Appellant for

work "with only the restriction of not lifting more than 40 lbs."[2]  The medical

evidence, as noted by the ALJ, substantially supports Dr. Moner's medical opinion,

so the ALJ did not err.

3.      The ALJ Did Not Err in Discounting Appellant's Subjective Testimony

        Appellant argues that the ALJ erred in discounting his subjective

symptom testimony when calculating Appellant's residual functional capacity

assessment ("RFC").  The ALJ must consider subjective experiences of pain in the

RFC.  *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (citing SSR 96-8p,

61 F.R. 34,474 (July 2, 1996)).  Crucially, however, the ALJ need only consider

"symptoms . . .  [to] the extent to which [these] symptoms can reasonably be

accepted as consistent with the objective medical evidence."

---

[1] This definition includes "lifting no more than 20 pounds" and frequently lifting objects weighing no more than 10 pounds.  20 C.F.R. § 404.1567(b).

[2] The other supporting pieces of evidence involved State agency consultant Roy Brown's assessment of Appellant, "direct physical examinations . . . , objective lab studies and other reports, and [Appellant's] documented course of treatment prior to his date last insured."

20 C.F.R. § 404.1529(a).

In assessing whether subjective symptom testimony is consistent with objective medical evidence, the ALJ determines if the claimant presented objective medical evidence of an impairment that could reasonably cause "some degree of the symptom" alleged. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009); *Smolen v. Chater*, 80 F.3d 1273, 1281–82. An ALJ need not adopt allegations that the record does not support. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001). But if the record does support a claimant's subjective symptom testimony, the ALJ can only reject the claimant's testimony if the ALJ provides "specific, clear and convincing reasons for doing so." *Astrue*, 572 F.3d at 591; *Smolen*, 80 F.3d at 1281–82.

Here, Appellant testified that he had "massive chest pain," a "loss of feeling in legs," and that there was no time since January 15, 2018, when Appellant did not require a walker. But the ALJ found this testimony was directly contradicted by the medical record. On April 3, 2018, Appellant reported he used his crutches and cane "less than half the time" in the past year. On May 5, 2019, Appellant was "able to walk several miles daily." This evidence contradicted Appellant's testimony that he was unable to ambulate without a walker at any point after January 2018. The ALJ further found there was no evidence in the record "establishing the need for a hand-held assistive device to aid in walking or

7

standing, and describing the circumstances for which it is needed," which is required for the ALJ to "find that a hand-held assistive device is medically required." SSR 96-9p, 61 F.R. 34,474, 34,482 (July 2, 1996).

Given the lack of objective medical evidence supporting Appellant's asserted inability to walk and the inconsistencies in the record as to Appellant's own statements regarding his physical limitations, the ALJ had substantial evidence to reject the claim. Thus, the ALJ did not err in omitting Plaintiff's balance issues and alleged need for an assistive walking device from the RFC.

**AFFIRMED.**