NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORDAN JENSON,

        Plaintiff - Appellant,

  v.

FRANK BISIGNANO, Commissioner of
Social Security,

        Defendant - Appellee.

No. 24-7307

D.C. No. 4:23-cv-05027-LRS

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of Washington
Lonny R. Suko, Senior Judge, Presiding

Submitted February 27, 2026**
Richland, Washington

Before: SUNG, MENDOZA, and DESAI, Circuit Judges.

Plaintiff-Appellant Jordan Jenson appeals the district court's order affirming

an administrative law judge's ("ALJ") denial of Jenson's application for childhood

social security benefits. We review the district court's decision de novo. *Luther v.*

---

    \*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

*Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). We will not overturn the ALJ's decision "unless it is either not supported by substantial evidence or is based upon legal error." *Id.* Substantial evidence is "more than a mere scintilla," but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Substantial evidence supports the ALJ's evaluation of the treating provider's medical opinion. "Under governing regulations, the ALJ must assess the persuasiveness of each medical opinion after considering specified factors," the most important of which are supportability and consistency. *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) (citing, inter alia, 20 CFR § 404.1520c(a), (b)(2)). Supportability looks at whether "a medical source supports a medical opinion by explaining the relevant objective medical evidence." *Woods v. Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (cleaned up). Consistency looks at "the extent to which a medical opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." *Id.* at 792 (cleaned up). The ALJ may, but is not required to, explain how other factors were considered. 20 CFR § 416.920c(b)(2).

The ALJ reasonably found that the medical opinion was not persuasive because it was not supported by the provider's own examination notes and was contradicted by other record evidence. Multiple examination notes reflect that Jenson was oriented to time, place, and person; had clear and normal speech; had a normal thought process; denied having hallucinations or suicidal or homicidal thoughts or ideations; had good recent and remote recall; and had sustained attention and concentration. Two of Jenson's teachers reported that he had no limitation in acquiring and using information. And Jenson testified that he did not struggle with hygiene during the closed period for which he requested benefits. Jenson is correct that the ALJ should not have considered his testimony that he graduated from high school and obtained a job because those events fell outside the closed period, but this error was harmless given the substantial evidence supporting the ALJ's determination. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.").

2. Substantial evidence also supports the ALJ's finding that Jenson's impairments did not meet or medically equal Listings 112.04 (depressive, bipolar, and related disorders), 112.06 (anxiety and obsessive-compulsive disorders), and 112.11 (neurodevelopmental disorders). Contrary to Jenson's arguments on appeal, the ALJ cited considerable evidence discussing Jenson's history of self-harm,

3

suicidal ideation, absenteeism, and failing grades. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("[T]he ALJ is not required to discuss every piece of evidence" and need not "discuss evidence that is neither significant nor probative." (cleaned up)). The ALJ also considered evidence that Jenson made progress at school and often reported only mild or moderate anxiety and depression with no suicidal ideation. Taken together, this evidence supports the ALJ's finding.

3. Substantial evidence further supports the ALJ's finding that Jenson's impairments did not functionally equal these listings. *See* 20 CFR § 416.926a(a). Jenson's argument that two teacher questionnaires showed that he had marked limitations in two domains is unavailing. Though the questionnaires noted Jenson's absenteeism, lack of organization, and need for accommodations, they also reflected the teachers' beliefs that Jenson did not have marked limitations in most dimensions and that he exhibited "age appropriate" behaviors. "If the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Stiffler*, 102 F.4th at 1106 (quoting *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020)). Thus, the questionnaires, as well as the evidence discussed above, support the ALJ's finding.

4. The ALJ did not err by discounting Jenson's subjective symptom testimony. The ALJ provided specific, clear and convincing reasons for doing so. *See Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (stating that an ALJ

4

must provide specific, clear, and convincing reasons for rejecting claimant's testimony where there is no evidence of malingering and claimant has shown that their conditions could produce some degree of the alleged symptoms). Among other things, objective evidence contradicted Jenson's claims of marked impairment, and his symptoms improved with treatment. His memory, concentration, and attention were routinely found to be intact. He often reported mild depression symptoms and minimal to no symptoms of anxiety. And he reported that his medications were effective and helped treat his symptoms.

5. The ALJ did not improperly discount the lay evidence. The ALJ appropriately rejected the portions of the lay witness statements involving medical conclusions that the lay witnesses did not have the qualifications to make. *Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir. 2014). And substantial evidence supports the ALJ's determination that the witnesses' other observations were not inconsistent with the findings of less than marked limitations.

**AFFIRMED.**