**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BERNARD LABORIN,
                   *Plaintiff-Appellant*,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,
                   *Defendant-Appellee*.

No. 15-15776

D.C. No.
2:13-cv-02167-
MHB

OPINION

Appeal from the United States District Court
for the District of Arizona
Michelle H. Burns, Magistrate Judge, Presiding

Argued and Submitted March 14, 2017
San Francisco, California

Filed August 16, 2017

Before: Stephen S. Trott, Kim McLane Wardlaw,
and Ronald M. Gould, Circuit Judges.

Opinion by Judge Gould

# SUMMARY[*]

## Social Security

The panel reversed the district court's judgment affirming the administrative law judge's ("ALJ") denial of Bernard Laborin's applications for disability benefits and supplemental security income under Titles II and XVI of the Social Security Act.

The ALJ did not credit Laborin's testimony regarding the intensity, persistence, and limiting effects of his symptoms to the extent that testimony was "inconsistent with the above residual functional capacity assessment [(RFC)]."

The panel held that this boilerplate language encouraged an inaccurate assessment of a claimant's credibility and also permitted determination of RFCs that were inconsistent with truly credible testimony. The panel further held that the approach taken by the ALJ was inconsistent with the Social Security Act and should not be used in disability decisions. The panel held that the ALJ's analysis was also illogical: because the claimant's symptom testimony must be taken into account when the ALJ assesses the claimant's RFC, it cannot be discredited because it is inconsistent with that RFC. The panel noted that inclusion of the flawed boilerplate language, was not by itself, reversible error and could be harmless.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Because the ALJ did not give clear and convincing reasons for rejecting Laborin's symptom testimony, and for the reasons provided in a concurrently filed memorandum disposition, the panel reversed and remanded.

## COUNSEL

Eric G. Slepian (argued), Phoenix, Arizona, for Plaintiff-Appellant.

Brian Baak (argued), Special Assistant United States Attorney; John Jay Lee, Regional Chief Counsel; Office of the General Counsel, Social Security Administration, Denver, Colorado; for Defendant-Appellee.

## OPINION

GOULD, Circuit Judge:

Bernard Laborin appeals the district court's judgment affirming an administrative law judge's (ALJ) denial of his applications for disability benefits and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 301–1397mm. The ALJ did not credit Laborin's testimony regarding the intensity, persistence, and limiting effects of his symptoms to the extent that testimony was "inconsistent with the above residual functional capacity assessment [(RFC)]."[1] This boilerplate statement

---

[1] The ALJ's statement reads in full:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically

encourages an inaccurate assessment of a claimant's credibility and also permits determination of RFCs that are inconsistent with truly credible testimony. The approach taken by the ALJ was inconsistent with the Social Security Act and should not be used in disability decisions. Because the ALJ also did not give clear and convincing reasons for rejecting Laborin's symptom testimony, and for the reasons provided in the concurrently filed memorandum disposition, we reverse and remand.[2]

The "RFC is an administrative assessment of the extent to which an individual's medically determinable

> determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credited to the extent they are inconsistent with the above residual functional capacity.

The ALJ found that Laborin had the residual functional capacity to:

> frequently lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk with normal breaks about four out of eight hours; sit with normal breaks about six out of eight hours; never push or pull with the right lower extremity; never climb ladders, ropes, or scaffolds; occasionally crawl; and frequently climb ramps or stairs. The claimant must avoid concentrated exposure to fumes, odors, dust, gases, poor ventilation, and unprotected heights. The claimant must avoid exposure to moving machinery. He needs to sit/stand at will.

[2] We address Laborin's other challenges to the ALJ's decision—including additional challenges to the ALJ's credibility determination—in the concurrently filed memorandum disposition.

impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities." SSR 96-8p, 61 Fed. Reg. 34474, 34475 (July 2, 1996).[3] It "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 416.945(a)(1).

When an individual does not have a severe medical impairment that meets or equals one of the listed impairments, the scope of the RFC plays a crucial role in the ALJ's determination of whether an individual is disabled and entitled to benefits under the Social Security Act. *See generally id.* § 416.920(a)(4) (describing the five-step sequential evaluation process); SSR 96-8p, 61 Fed. Reg. 34474 (explaining the RFC). The ALJ assesses a claimant's RFC between steps three and four of the five-step sequential evaluation process used for disability determinations. *See* 20 C.F.R. § 416.920(a)(4). The RFC is first used at step four to determine whether an individual can do relevant past work. *Id.* § 416.920(a)(4)(iv). If the claimant cannot do relevant past work, the RFC is then used again at step five— along with the claimant's age, education, and work experience—to determine whether the claimant "can make an adjustment to other work." *Id.* § 416.920(a)(4)(iv)–(v). If the claimant can do other work, the claimant is found to be not disabled. *See id.* § 416.920(a)(v).

---

[3] "[Social Security Rulings] reflect the official interpretation of the [Social Security Administration] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations." *Massachi v. Astrue*, 486 F.3d 1149, 1152 n.6 (9th Cir. 2007) (alterations in original) (quoting *Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir. 2006)).

The ALJ assesses a claimant's RFC "based on all the relevant evidence in [the] case record." *Id.* § 416.945(a)(1). The ALJ must consider both the medical evidence and "descriptions and observations of [the claimant's] limitations from [the claimant's] impairment(s), including limitations that result from [the claimant's] symptoms, such as pain, provided by" the claimant, family, friends, and other people. *Id.* § 416.945(a)(3). The RFC assessment must "[c]ontain a thorough discussion and analysis of the objective medical and other evidence, *including the individual's complaints of pain and other symptoms* and the adjudicator's personal observations, if appropriate." SSR 96-8p, 61 Fed. Reg. at 34478 (emphasis added). In other words, the ALJ must take "the claimant's subjective experiences of pain" into account when determining the RFC. *Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014); *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) ("[T]he ALJ failed to provide clear and convincing reasons for finding [the claimant's] alleged pain and symptoms not credible, and therefore was required to include these limitations in his assessment of [the claimant's] RFC.").[4]

---

[4] We do not suggest that, in assessing the RFC, the ALJ must always accept the claimant's statements as to the severity and limiting effects of his or her symptoms as true. The claimant's "credibility . . . cannot be ignored in determining [the claimant's] ability to work ([the claimant's] residual functional capacity, in [Social Security Administration]-speak)." *Bjornson v. Astrue*, 671 F.3d 640, 646 (7th Cir. 2012). The ALJ must evaluate the credibility of the claimant's symptom testimony so that the ALJ can take that testimony—insofar as it is credible—into account as part of the RFC assessment. *See Lingenfelter*, 504 F.3d at 1035. The ALJ cannot, however, properly evaluate the claimant's credibility based on a predetermined RFC.

Despite this clear directive from the regulations, Social Security Rulings, and our case law, which all require ALJs to take the claimant's symptom testimony into account in determining the RFC, ALJs with frequency include the boilerplate language discrediting the claimant's symptom testimony because it is "inconsistent with" the RFC in their disability determinations. *See, e.g.*, *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). By doing so, the ALJ indicates that he or she did not properly "incorporate a claimant's testimony regarding subjective symptoms and pain into the RFC finding, as [he or she] is required to do." *Trevizo v. Berryhill*, 862 F.3d 987, 1000 n.6 (9th Cir. 2017); *see also Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015) (holding that this boilerplate language conflicts with the regulations and rulings). This practice "inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only *then* to determine the claimant's RFC." *Trevizo*, 862 F.3d at 1000 n.6.

Not only does the ALJ err by discrediting symptom testimony to the extent it is inconsistent with an RFC, but the ALJ's analysis is also illogical. Because the claimant's symptom testimony must be taken into account when the ALJ assesses the claimant's RFC, it cannot be discredited because it is inconsistent with that RFC. By discrediting a claimant's "statements concerning the intensity, persistence and limiting effects of [the claimant's] symptoms . . . to the extent they are inconsistent with the" RFC, the ALJ puts the cart before the horse.

We are not the first circuit to recognize that this boilerplate language is problematic. Both the Seventh and the Fourth Circuits have concluded that it is incorrect as a

matter of law. *See Filus v. Astrue*, 694 F.3d 863, 868 (7th Cir. 2012) (noting that finding a claimant's symptom testimony is not credible to the extent it is inconsistent with an RFC "puts the cart before the horse, in the sense that the determination of capacity must be based on the evidence, including the claimant's testimony, rather than forcing the testimony into a foregone conclusion"); *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012) (noting that this boilerplate language "gets things backwards"); *Mascio*, 780 F.3d at 639 (concluding the boilerplate language "'gets things backwards' by implying 'that ability to work is determined first and is then used to determine the claimant's credibility'" (quoting *Bjornson*, 671 F.3d at 645)). This improper procedure both inverts and subverts the way an RFC must be determined relying on credible evidence, including credible testimony.

Like our sister circuits, we have stated that inclusion of this flawed boilerplate language is not, by itself, reversible error and can be harmless. *See Trevizo*, 862 F.3d at 1000 n.6; *Mascio*, 780 F.3d at 639; *Filus*, 694 F.3d at 868. It does not, however, add anything to the ALJ's determination of either the RFC or the claimant's credibility. We cannot infer from this language "that the ALJ rejected [the claimant's] testimony to the extent it conflicted with [the] medical evidence." *Treichler*, 775 F.3d at 1103. To discredit a claimant's symptom testimony when the claimant has provided objective medical evidence of the impairments which might reasonably produce the symptoms or pain alleged and there is no evidence of malingering, the ALJ must give "specific, clear, and convincing reasons for rejecting" the testimony by identifying "*which* testimony [the ALJ] found not credible" and explaining "*which* evidence contradicted that testimony." *Brown-Hunter v.*

*Colvin*, 806 F.3d 487, 489, 494 (9th Cir. 2015).    This boilerplate language does neither.

As we elaborate in the concurrently filed memorandum disposition, here the ALJ did not give clear and convincing reasons for rejecting Laborin's testimony regarding the severity of his pain.  The ALJ's inclusion of the boilerplate statement does not save her decision.

**REVERSED and REMANDED.**