

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VIOLA VAN WECHEL, | No. 14-35673 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-03079-TOR |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief Judge, Presiding

Submitted October 6, 2017[**]
Seattle, Washington

Before: WARDLAW, CLIFTON, and OWENS, Circuit Judges.

Viola Van Wechel appeals the district court's grant of summary judgment in

favor of the Commissioner, which affirmed the administrative law judge's ("ALJ")

denial of her claim for Social Security disability benefits. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291, and we reverse and remand for the calculation and award of benefits.

The ALJ improperly discounted the opinions of a treating and an examining physician. The ALJ's decision rejected their opinions in boilerplate language asserting they were at odds with "objective" medical evidence and were based on the claimant's subjective complaints. Assigning a medical opinion little weight without explanation or analysis is error. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (holding that an ALJ errs when he "rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion"). The ALJ also found that the treating and examining physicians' opinions conflicted with a therapist's notes but failed to explain how the reports conflicted. *See id.* A review of the record fails to reveal a substantial conflict between the physicians' opinions and the therapist's notes. Finally, the ALJ credited the evaluations of non-examining physicans over these opinions, but failed to provide specific and legitimate reasons for doing so. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

The ALJ also erroneously found that Van Wechel lacked credibility by failing to give "'specific, clear, and convincing reasons for rejecting' the testimony," and by failing to identify "'*which* testimony the ALJ found not credible' and 'explaining *which* evidence contradicted that testimony.'" *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 489, 494 (9th Cir. 2015)). Moreover, it is clear from the record that Van Wechel's testimony is credible. No doctor suggested Van Wechel exaggerated or lied about her symptoms or opined that her described symptoms were contradicted by her daily activities. And none of her daily activities, such as going grocery shopping once a week or driving a car, indicates she has a greater functional capacity than she described. *See Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). The ALJ's error was not harmless because if the ALJ credited Van Wechel's testimony and properly weighed the physicians' opinions, as explained in further detail below, the ALJ would have found Van Wechel disabled.

If a reviewing court concludes "that the agency erred in some respect in reaching a decision to deny benefits, and the error was not harmless, sentence four of [42 U.S.C.] § 405(g) authorizes the court to 'revers[e] the decision of the Commissioner . . . with or without remanding the cause for a rehearing.'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (second alteration in original) (citations omitted). Though ordinarily "the proper course [of action] . . . is to remand to the agency for additional investigation or explanation," *id.* (quoting *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)), courts may "reverse or modify an administrative decision without remanding the case for further proceedings" in appropriate circumstances, *id.* at 1099–1100 (quoting *Harman v. Apfel*, 211 F.3d 1172, 1177–78 (9th Cir. 2000)); *see also* 42 U.S.C. § 405(g). Generally, such "appropriate circumstances" exist "where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed." *Id.* at 1100 (quoting *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012)).

We have established a "credit-as-true" rule to determine whether "appropriate circumstances" exist. Under the "credit-as-true" rule, a court asks: (1) whether the record has been fully developed such that further administrative proceedings would serve no useful purpose; (2) whether the ALJ has failed to

4

provide legally sufficient reasons for rejecting evidence; and (3) whether, if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison*, 759 F.3d at 1020.

Van Wechel satisfies all three conditions. The record in this case includes hundreds of pages of medical reports, Van Wechel's testimony before the ALJ and her responses to written questionnaires, and an assessment of her capacity to perform work completed by a treating physician.

If the improperly discredited evidence were credited as true, the ALJ would be required to find Van Wechel disabled on remand. The vocational expert explicitly testified that a person with the impairments described by Van Wechel could not work. Such a finding by the vocational expert is a sufficient basis upon which to remand for determination of benefits. The ALJ also opined that if the treating doctor's residual functional capacity findings were true, he would find Van Wechel disabled. Given this fully developed record, the admission of more evidence would not be "enlightening." *Treichler*, 775 F.3d at 1101. Accordingly,

Van Wechel satisfies the requirements of the credit-as-true standard and we remand to the ALJ for calculation and award of benefits.[1]

**REVERSED; REMANDED FOR AN AWARD OF BENEFITS.**

---

[1] Because we so hold, we need not decide whether the ALJ had a duty to consider Listing 12.05(C) or whether the ALJ improperly weighted non-medical evidence from two social workers.