**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXANDRA JACOB, | No. 16-35927 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01414-BR |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna Brown, District Judge, Presiding

Submitted December 14, 2018**

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Alexandra Jacob appeals the district court's order affirming the

Commissioner of Social Security's denial of her application for supplemental

security income under Title XVI of the Social Security Act. We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The ALJ did not err by relying on Jacob's reported daily living activities to discount her testimony concerning the extent of her symptoms and limitations. The ALJ cited evidence in the record that Jacob attended Adult Basic Education classes three days a week, earned a modified high school diploma, attended eight terms of remedial classes at a community college, applied for jobs via the computer, texted, emailed, used public transportation, rode her bicycle multiple times per day, volunteered at her church, worked as a cashier at a food cart at her school, and babysat her sister.

Jacob takes issue with the ALJ's statement that Jacob has applied for jobs as implying that she believes she is capable of working, arguing she has little insight into the nature of her disability. However, the ALJ subsequently elaborated that Jacob "applied for jobs via the computer," apparently relying on the fact that Jacob was able to use the computer to complete the task of applying for jobs, rather than on Jacob's own perception of her employment potential, in discounting her testimony as incongruent with her daily activities. In addition, although Jacob may lack insight into her limitations, this lack of insight does not refute her ability to engage in the activities the ALJ summarized, as demonstrated in the record.

2

Finally, the record does not support Jacob's contention that her desire to work and ability to do so are out of sync, as a vocational transition specialist who worked with Jacob commented that she "is a good, reliable worker who may do well in a job in which the duties are regular and predictable, and doesn't require as much independent decision making as preschool teaching."

Jacob's challenges to other activities the ALJ cited, such as her babysitting duties, computer use, use of public transportation, and volunteer work, fail to demonstrate why the ALJ's interpretation was not rational. While Jacob maintains she often needs to ask questions or receive multiple reminders to complete tasks, contrary to Jacob's assertions that she cannot perform any work activity, none of these arguments illustrate that Jacob is incapable of performing work within the limitations of the RFC, i.e., simple, routine, repetitive tasks performed in a low-stress environment with few changes or distractions. While Jacob may have some difficulties with the activities she engages in, it was reasonable for the ALJ to conclude that her activities undermine her claims that her impairments prevent her from engaging in any work activity. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).

The significance of Jacob's Spanish-language knowledge is not entirely clear from the ALJ's decision, as he did not provide any additional explanation as

to why he cited this information when assessing Jacob's testimony. However, the ALJ's remaining reasons for discounting Jacob's testimony, including both Jacob's other daily activities and the additional reasons he cited for discounting her testimony, such as medical evidence and Jacob's course of treatment, are supported by substantial evidence in the record, rendering any error harmless. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ erred in discounting the lay witness testimony of Jacob's mother, Ms. Mavis Jacob, but this error was harmless. The ALJ reasoned that to the extent Ms. Jacob suggested that her daughter's impairments rendered her unable to work, "Ms. Jacob's close relationship with her daughter, and a desire to help her, likely influenced her opinion regarding the claimant's abilities." The Ninth Circuit has held that "[t]he fact that a lay witness is a family member cannot be a ground for rejecting his or her testimony," as "[t]o do so 'contradicts our insistence that, regardless of whether they are interested parties, friends and family members in a position to observe a claimant's symptoms and daily activities are competent to testify as to his or her condition.'" *Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017) (first quoting *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996); then quoting *Valentine v. Comm'r Soc. Sec. Admin*, 574 F.3d 685, 694 (9th Cir.

4

2009)).  Therefore, the ALJ's rationale does not constitute a germane reason for discounting Ms. Jacob's testimony.

In addition, the ALJ stated it "appears that Ms. Jacob[] has a financial interest in her daughter receiving disability benefits, as they live together and the claimant has expressed a desire to 'help my dad pay the bills that are piling up.'" We have explained that while "evidence that a specific [lay witness] exaggerated a claimant's symptoms *in order* to get access to [her] disability benefits . . . might suffice to reject that lay witness's testimony," remarks that a lay witness is an "'interested party' in the abstract" do not sufficiently support rejecting lay witness testimony.  *See Valentine*, 574 F.3d at 694.  The general observation that Jacob lives with her mother, a "characteristic common[]" to many children, and the fact that Jacob, as opposed to her mother, commented that she would like to help her father with the family's expenses, are not probative of the accuracy of her mother's testimony.  *Id*.

Nevertheless, Ms. Jacob's testimony overlaps substantially with that of her daughter, alleging the same symptoms and limitations.  Consequently, because we have held "the ALJ's reasons for rejecting [the claimant's] testimony," such as inconsistency with medical opinion evidence and Jacob's daily activities, "apply

5

with equal force to the lay testimony," any error was harmless. *Molina*, 674 F.3d at 1122.

Jacob's assertion that the ALJ erred in formulating the RFC by not including all the limitations psychologist Dr. Cogburn assessed when examining Jacob also lacks merit. Jacob contends that the RFC fails to account for Dr. Cogburn's opinion that "Jacob would likely succeed most easily with close supervision, was likely to need repeated instructions and frequent reminders, and would benefit from a job coach to learn skills and routines in a work setting." However, the ALJ did account for Jacob's likely need for repeated instructions and reminders in her RFC by limiting her to "simple, routine and repetitive work tasks, involving simple work instructions."

In addition, Dr. Cogburn's conclusions that Jacob "is likely [to] succeed most easily when performing . . . tasks with close supervision" and "may benefit from work with a job coach" constitute recommendations, rather than requirements, to enable Jacob to work. An ALJ does not err by declining to include physician recommendations, as opposed to imperatives, when formulating a claimant's RFC. *See Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Because the RFC represents "the most [a claimant] can still do despite [his or her] limitations," *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th

6

Cir. 2017) (quoting 20 C.F.R. § 416.945(a)(1)), rather than a claimant's ideal work conditions, the ALJ did not err by not incorporating Dr. Cogburn's recommendations when assessing Jacob's RFC.

**AFFIRMED.**