NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 6 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MUKHTAR SOU, | No.  18-35946 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-05165-RSM |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief District Judge, Presiding

Submitted April 2, 2020[**]
Seattle, Washington

Before:  McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

Mukhtar Sou appeals the district court's order affirming the Commissioner

of Social Security's denial of disability benefits.  We have jurisdiction pursuant to

28 U.S.C. § 1291, and we affirm.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Sou's sole argument is that the Administrative Law Judge ("ALJ") erred by not specifically addressing Sou's alleged need for a cane in its residual functional capacity ("RFC") analysis and hypothetical questions to a vocational expert. The parties agree that an ALJ must include in its RFC analysis and hypotheticals only limitations that are supported by the record. *Robbins v. Comm'r of Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006). They thus dispute only *whether* Sou's alleged need for a cane was supported by the record.

Social Security Ruling 96-9p explains that a "hand-held assistive device" such as a cane is medically required when "medical documentation establish[es] the need for [such a device] to aid in walking or standing, and describ[es] the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p (1996). Sou fails to demonstrate that any of the evidence he cites—his testimony, his medical records, and his physical therapy notes—establishes that his use of a cane was medically required.

1. The ALJ provided "clear and convincing reasons" for discounting Sou's subjective symptom testimony. *See Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017). Between 2014 and 2016, Sou was able to conservatively manage his degenerative joint disease, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008), he exhibited normal muscle tone, deep tendon reflexes, and memory, and an

2

x-ray revealed that his post-surgical knee was stable.  The ALJ reasonably found, based on Sou's reported daily activities, that Sou's functional limitations were not as significant and limiting as he had alleged.  And the ALJ found inconsistencies in Sou's testimony regarding his reasons for delaying a second knee replacement.  On appeal, Sou does not contest the ALJ's adverse credibility determination.

Sou faults the ALJ for failing to "challenge or discuss [his] need for a cane" at the hearing.  But the ALJ asked Sou whether he used a cane and then posed follow-up questions.  Sou also criticizes the ALJ for failing to "evaluate this need or specifically reject it" in the RFC analysis.  However, the ALJ did reference Sou's testimony regarding his use of a cane in its RFC analysis.

2.  Sou contends that "medical evidence of [his] osteoarthritic right knee provided the clinical basis for the need for a cane."  But the evidence that he cites merely establishes what the ALJ already accepted at step two—that Sou was severely impaired by osteoarthritis in his knee.  The medical records regarding Sou's knee and long-delayed knee replacement surgery do not establish that Sou's use of a cane was medically required because they do not discuss a need for a hand-held assistive device or the circumstances for which such a device would be needed.  The same is true of the medical records suggesting that Sou was obese.

3.  Sou argues that four excerpts of physical therapy notes documented his need for a cane.  Three of the four excerpted notes do not establish that a cane was

3

medically necessary because the physical therapist merely observed that Sou was using a cane. In the fourth, the physical therapist noted that Sou was "still very limited by his [right] knee, requiring use of a [Single Point Cane] in his [left] hand." But this note is not a *medical* opinion, and thus does not constitute "medical documentation" under SSR 96-9p.[1]

Even if it did constitute "medical documentation," the therapy note did not establish that a cane was medically required because it did not describe the circumstances for which a cane was needed. SSR 96-9p (requiring that medical documentation "describ[e] the circumstances for which [a cane] is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)"). And even if the therapy note had sufficiently described such circumstances, any error would be harmless because it "did not describe any limitations beyond those [Sou] [him]self described, which the ALJ discussed at length and rejected based on well-supported, clear and convincing reasons." *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012).

**AFFIRMED.**

---

[1] SSR 96-9p does not define "medical documentation," but a medical opinion is a "statement[] from *physicians* and *psychologists* or other *acceptable medical sources* that reflect[s] judgments about the nature and severity of . . . impairment(s) . . . ." 20 C.F.R. § 404.1527(a)(2) (2012) (emphases added). At the time, "acceptable medical sources" did not include physical therapists. 20 C.F.R. § 404.1513(a) (2013). Thus, the physical therapy note could not have established that Sou's use of a cane was medically necessary.