NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 2 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARCIE HIGGINS,

          Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

          Defendant-Appellee.

No. 22-35966

D.C. No. 1:21-cv-00933-MC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
U.S. District Judge Michael J. McShane

Submitted October 18, 2023[**]
Portland, Oregon

Before: KOH and SUNG, Circuit Judges, and EZRA,[***] District Judge.

Appellant Marcie Higgins ("Appellant") applied for Title II disability and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

disability insurance benefits on January 4, 2019.  She applied for Title XVI supplemental security income on April 3, 2019.  In both applications, Appellant alleged inability to work beginning on September 1, 2014 based on fibromyalgia, degenerative disc disease, hip pain, arthritis, right torn rotator cuff, diabetes, chronic migraine, bilateral plantar fibroma, depression/anxiety, and chronic pain. Appellant's claims were first denied on March 12, 2019.  Her claims were denied upon reconsideration on July 23, 2019.

Before this Panel is a decision of an Administrative Law Judge ("ALJ"), dated November 4, 2020, finding Appellant disabled for part of the alleged period of disability.  The district court affirmed the ALJ's decision on September 28, 2022.  Appellant subsequently filed the present appeal.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review the decision affirming the ALJ's denial of benefits de novo.  *See Webb v. Barnhart*, 433 F.3d 683, 685–86 (9th Cir. 2005).

Appellant contends the ALJ erred by excluding her subjective symptom testimony without supporting his decision with substantial evidence from the record.  Appellant also argues her case should be remanded for an award of benefits, or alternatively, for further proceedings.  We hold that the ALJ did not commit reversible error on the grounds Appellant asserts, and we affirm the district court's judgment.

The ALJ needed to provide "specific, clear[,] and convincing reasons for" rejecting Appellant's subjective symptom testimony. *Garrison v. Colvin,* 759 F.3d 995, 1014–15 (9th Cir. 2014) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). Appellant argues that the ALJ did not point to specific evidence that undermined her claims. She claims the ALJ only summarized her medical record and cherry-picked through it, rather than providing specific reasons for finding her less than credible. Appellant is correct that "general findings are insufficient," and that "the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints" to properly exclude symptom testimony. *Lester v. Charter*, 81 F.3d 821, 834 (9th Cir. 1995). However, Appellant incorrectly asserts that the ALJ did not point to specific evidence in the record supporting the ALJ's decision to exclude Appellant's subjective symptom testimony.

In the ALJ's decision, the ALJ cited multiple instances where Appellant's testimony conflicted with objective medical evidence and her medical records. This Circuit considers inconsistency with medical evidence to be a germane reason for rejecting nonmedical opinion testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). For instance, Appellant provided no medical assessment of her migraine-related restrictions, and as the ALJ pointed out, her medical records lack reference to

3

ongoing headache symptoms or specialized attempts to treat them. In fact, the only note in Appellant's medical record referencing migraine pain in 2014 stated that Appellant had migraine type pain when she pushed herself up from her recliner, and this pain lasted about 30 seconds. This contradicts Appellant's testimony that in 2014, her migraines occurred once or twice a week and lasted for a few hours or a few days.

The ALJ also cited contradictions about Appellant's shoulder pain when rejecting her testimony. Appellant complained of a 17-year history of right shoulder pain. Despite the shoulder pain, she stated that she "has not had much done in the way of treatment other than physical therapy." Records also show that she was unwilling to accept any of the dates and times offered to her for physical therapy to treat the injury causing her severe pain. The ALJ further noted that objective imaging results of Appellant's shoulder during that time were unremarkable, indicating no discernable injury. Appellant's testimony about the severity of her pain does not correspond with the medical treatment she pursued.

Similarly, the ALJ explained that Appellant complained of severe six-month foot pain that impaired her ability to walk. When diagnosed with plantar fibromas and referred to surgery to correct the issue, Appellant declined both the surgery and custom orthotics. Appellant's medical records do not support her testimony on the severity and extent of her ailments.

Appellant also asserts the ALJ failed to take the severity of her limitations into account. Appellant correctly asserts that the ALJ must consider subjective experiences of pain in the residual functional capacity assessment ("RFC"). *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (quoting 20 C.F.R. § 416.945(a)(3)). Crucially, however, the ALJ need only consider "symptoms . . . [to] the extent to which [these] symptoms can reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. § 404.1529(a). An ALJ need not adopt allegations that the record does not support. *Osenbrock v. Apfel*, 240 F.3d 1157, 1164–65 (9th Cir. 2001). As discussed above, the ALJ made a reasonable finding that the level of impairment Appellant alleged was not supported by the medical record. Therefore, her alleged subjective pain did not need to be included in the RFC assessment. The ALJ did include a high level of impairment in Appellant's RFC, taking into the account the severity of her disabilities as supported by the record. The ALJ did not have to impute either in the RFC or in his hypotheticals to the vocational expert ("VE") the subjective severity to which Appellant testified, only the severity the record supported. *Id.* at 1165 ("It is . . . proper for an ALJ to limit a hypothetical to those impairments that are supported by substantial evidence in the record."); *see also Magallanes v. Brown*, 881 F.2d 747, 756–57 (9th Cir. 1989). Because we find no error in the ALJ's exclusion of Appellant's subjective symptom testimony, we

5

also hold that the ALJ did not err by excluding limitations not supported by the record, like severe migraines, from the RFC and hypotheticals posed to the VE.

**AFFIRMED.**