FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| DIONNE MARIE NADON, | No. 24-3506 |
| *Plaintiff - Appellant*, | D.C. No. 9:23-cv-00072-DLC |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security, | OPINION |
| *Defendant - Appellee*. | |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, District Judge, Presiding

Submitted May 21, 2025[*]
Seattle, Washington

Filed July 25, 2025

Before: Ronald M. Gould, Richard C. Tallman, and
Morgan B. Christen, Circuit Judges.

Opinion by Judge Christen

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY[**]

## Social Security

The panel affirmed the district court's decision affirming the administrative law judge's denial of claimant's applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI.

The panel rejected claimant's argument that the administrative law judge (ALJ) erred by considering her work as a personal care attendant when evaluating her disability claim because that work did not constitute substantial gainful activity. An ALJ is permitted to consider any work done by a claimant when evaluating a disability claim, regardless of whether the work constitutes substantial gainful activity.

The panel also rejected claimant's argument that the ALJ erred because, besides relying on her work as a personal care attendant, the ALJ did not provide any other reasons for discounting her testimony and the opinions of several healthcare professionals. The record reflected that the ALJ gave several reasons for discounting this evidence, and did not discount this evidence solely on the basis of claimant's work as a personal care attendant.

Finally, the panel rejected claimant's argument that the ALJ erred by relying on the vocational expert's testimony to the extent it did not incorporate the limitations from the discounted opinions of the healthcare professionals because

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

the argument relied on the rejected premise that the ALJ erred in discounting the healthcare professionals' opinions.

---

## COUNSEL

John E. Seidlitz Jr., Seidlitz Law Office, Great Falls, Montana; Great Falls, Montana, for Plaintiff-Appellant.

Joseph J. Langkamer, Assistant Regional Counsel, Elizabeth Firer, Senior Attorney; Matthew W. Pile, Associate General Counsel; Mark Smith, Civil Chief; Jesse Laslovich, United States Attorney; Office of the General Counsel, Social Security Administration, Baltimore, Maryland; for Defendant-Appellee.

# OPINION

CHRISTEN, Circuit Judge:

Dionne Marie Nadon appeals the denial of her applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act.  She argues that the administrative law judge (ALJ) erred by considering her work as a personal care attendant when evaluating her disability claim because that work did not constitute substantial gainful activity.  Nadon contends that remand is warranted because, besides relying on her work as a personal care attendant, the ALJ failed to provide any other reasons to discount her testimony or the opinions of several healthcare professionals.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

# I

Dionne Nadon applied for disability insurance benefits and supplemental security income in April 2015 and May 2016, respectively.  She alleged that her disability began in March 2015 and was due to conditions including fibromyalgia, spinal abnormalities, depression, and anxiety, among others.  The ALJ initially denied Nadon's applications in January 2017, finding that she was capable of returning to her past work as a cashier/checker.  On appeal, however, we remanded the case because the ALJ had not adequately addressed Nadon's post-traumatic stress disorder (PTSD) and may have conflated that condition with depression.  *See Nadon v. Saul*, 851 F. App'x 24, 26–28 (9th Cir. 2021).

On remand, the ALJ again determined that Nadon was not disabled. The ALJ's written decision followed the five-step sequential analysis for determining disabilities as established by the Social Security Administration. *See* 20 C.F.R. §§ 404.1520, 416.920. If a claimant is found to be disabled or not disabled at any step in the sequence, there is no need to consider subsequent steps of the analysis. *See id.* §§ 404.1520, 416.920.

The first step involves determining whether a claimant is working and whether the work is substantial gainful activity. If a claimant is engaged in substantial gainful activity, they will be found not disabled, regardless of their medical condition, age, education, or work experience. *See id.* §§ 404.1520(b), 416.920(b). At step one, the ALJ found that Nadon had engaged in substantial gainful activity as a personal care attendant and was therefore not disabled from July 2021 through 2022.

Because Nadon alleged disability beginning in March 2015 and the ALJ found a continuous period of at least twelve months during which Nadon did not engage in substantial gainful activity, the ALJ continued the five-step process. *See* 42 U.S.C. §§ 423(d)(1)(A) (defining disability for the purposes of disability insurance benefits as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months"), 1382c(a)(3)(A) (providing a nearly identical standard for supplemental security income).

At the second step, a claimant will be found not disabled unless they have a severe impairment (or combination of impairments) that significantly limits their physical or

mental ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). The ALJ found at step two that Nadon had the severe impairments of degenerative disc disease of the spine, fibromyalgia, depressive disorder, anxiety disorder, and PTSD.

The third step concerns the Listing of Impairments, which describes the impairments that the Social Security Administration considers to be severe enough to prevent an individual from doing any gainful activity, regardless of their age, education, or work experience. *See id.* §§ 404.1525(a), 416.925(a). A claimant will be found disabled if their impairments meet or equal a listed impairment and satisfy the twelve-month durational requirement. *See id.* §§ 404.1520(d), 416.920(d). At step three, the ALJ found that Nadon did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment.

Between the third and fourth steps, an ALJ determines a claimant's residual functional capacity, i.e., the extent of mental and physical activities a claimant can perform in a work setting despite their limitations. *See id.* §§ 404.1520(e), 404.1545(a), 416.945(a); *see also Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017). Here, the ALJ determined that Nadon's residual functional capacity allowed her to perform light work with certain limitations.

At the fourth step, a claimant will be found not disabled if, considering their limitations, they are capable of performing their past relevant work. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). The ALJ found at step four that Nadon could perform her past relevant work as a personal care attendant. Although this step-four finding provided a

basis to conclude that Nadon was not disabled, the ALJ continued to step five.

At the fifth step, a claimant who cannot perform past relevant work will be found not disabled if they can adjust to perform other work that exists in significant numbers in the national economy. *See id.* §§ 404.1520(g), 416.920(g). Here, the ALJ found that Nadon was capable of performing other work as a housekeeper, marker, or small products assembler.

Based on these findings, the ALJ concluded that Nadon was not disabled for the period from March 27, 2015, through the date of the ALJ's ruling and denied her applications for benefits. The district court affirmed the ALJ's decision.

## II

We review de novo a district court's order affirming an ALJ's decision to deny benefits and may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. *See Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020).

## III

Nadon first argues that, contrary to the ALJ's step-one finding, her work as a personal care attendant from July 2021 through 2022 did not constitute substantial gainful activity and the ALJ therefore erred by considering that work when evaluating her disability claim. Nadon further contends that remand is warranted because the ALJ failed to provide any other reasons, let alone sufficient reasons, for discounting her testimony and the opinions of several healthcare professionals. Nadon's arguments are unpersuasive.

First, the ALJ did not err by considering Nadon's work as a personal care attendant. An ALJ is permitted to consider any work done by a claimant when evaluating a disability claim, regardless of whether the work constitutes substantial gainful activity. *See id.* at 1156 ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled."); 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did.").[1]

Nadon's second argument, that the ALJ did not provide sufficient reasons for discounting her testimony and the opinions of several healthcare professionals, fails because the argument depends on Nadon's incorrect assertion that the ALJ discounted this evidence solely on the basis of her ability to work as a personal care attendant. The record instead reflects that the ALJ gave several reasons for discounting this evidence, though Nadon does not acknowledge them.

---

[1] We do not decide whether the ALJ erred in finding that Nadon's work as a personal care attendant constituted substantial gainful activity because such an error would be harmless. Although the ALJ relied on that finding at step one to conclude that Nadon was not disabled from July 2021 through 2022, and at step four to conclude that she was capable of performing past relevant work as a personal care attendant, *see* 20 C.F.R. §§ 404.1560(b)(1) (defining "past relevant work" in part as "work . . . that was substantial gainful activity"), 416.960(b)(1) (same), the ALJ did not do so to conclude at step five that Nadon was capable of adjusting to other work. Because the ALJ noted that this step-five finding also applied to the period from July 2021 through 2022, *id.*, the ALJ's ultimate denial of Nadon's disability claim did not depend on the determination that her work as a personal care attendant was substantial gainful activity.

Regarding Nadon's testimony, the ALJ recognized that she alleged an inability to work full time due to chronic back and leg pain, depression, and PTSD; that she has difficulty focusing and concentrating; and that she felt able to sit and drive for only 20 minutes due to her fibromyalgia and back pain. In addition to finding Nadon's testimony inconsistent with her ability to work as a personal care attendant, the ALJ explained that Nadon's testimony was inconsistent with evidence indicating that her symptoms improved with conservative treatment, that she had mostly normal examinations, that she had engaged in normal daily activities, and that she was able to work as a home health aide from November 2019 to September 2020.

Nadon cites *Brown-Hunter v. Colvin* to argue that we cannot discern the ALJ's basis for discounting her testimony because the ALJ made only a general credibility finding instead of providing any specific, clear, and convincing reasons for discounting her testimony. 806 F.3d 487, 493–94 (9th Cir. 2015) (as amended). We read the record differently. The ALJ summarized Nadon's testimony about her limitations and identified inconsistencies, including Nadon's own assertions about her daily and work activities that indicated she was "not as limited as one would expect from an individual alleging disability." The ALJ highlighted that in 2015 Nadon reported being able to "take her daughter to school, handle personal care, perform household cleaning, prepare meals, use a computer, watch TV, shop in stores for 20 to 30 minutes, and handle finances." *Id.* The ALJ also recognized that Nadon went camping in 2020 and, while working as a home health aide from November 2019 to September 2020 and as a personal care attendant from July 2021 through 2022, performed daily tasks for her clients such as cooking, bathing, housekeeping, and providing

transportation. *Id.* The ALJ's explanation for her assessment of Nadon's testimony was thus more than "a single general statement that the claimant's statements . . . are not credible" and is sufficient to allow appellate review. *Id.* at 493 (citation modified).

The ALJ similarly provided several reasons for discounting the various healthcare professionals' opinions that Nadon identifies in her opening brief. Danielle Kimbrell, LCSW, opined that Nadon is not able to "engage in any kind of work that requires sustained focus whether in attention or physical activity," and that she would miss work more than three times each month due to mental disorders. While Nadon argues that the ALJ discounted this opinion solely based on the finding that it was inconsistent with Nadon's work as a personal care attendant, the ALJ also explained that Kimbrell was not an acceptable medical source, Kimbrell did not have expertise in physical ailments such as fibromyalgia, and the limitations Kimbrell reported were inconsistent with other medical evidence and with Nadon's work activity as a home health aide.

Michelle Smith, N.P.-C., opined in February 2016 that Nadon would not be able to return to work within the next 12 months. Contrary to Nadon's argument, the ALJ did not discount Smith's opinion because it was inconsistent with Nadon's work as a personal care attendant. The ALJ instead gave this opinion minimal weight because Smith was not an acceptable medical source, Smith noted that she was not qualified to evaluate an individual for functional capacity or to provide disability ratings, and Smith's opinion was vague and inconsistent with her treatment notes.

Dr. Todd Fife, M.D., opined that Nadon's physical activity was limited and that she would be absent from work

more than three times per month. While Nadon argues that the ALJ discounted this opinion solely based on the finding that it was inconsistent with Nadon's work as a personal care attendant, the ALJ also explained that the record did not contain significant treatment records from Dr. Fife; his opinion was inconsistent with clinical observations that Nadon had "a full range of motion of the neck and spine, a normal gait, normal reflexes, normal sensation, full muscle strength, and negative straight leg testing"; and his opinion was inconsistent with Nadon's work activity as a home health aide, which included "cooking for clients, helping them shower, and taking them to appointments."

Dr. Michael Newman, M.D., also opined that Nadon would be absent more than three times each month. Nadon argues that the ALJ discounted this opinion solely based on the finding that it was inconsistent with Nadon's work as a personal care attendant, but the ALJ also explained that the opinion was not supported with a reasonable explanation and was inconsistent with Nadon's conservative treatment, her normal mental-status examinations, her reports of improved symptoms, her reported daily activities, and her prior work as a home health aide during the relevant period.

Finally, Dr. Michelle Martin-Thompson, M.D., opined that based on Nadon's reported symptoms, "she would be unable to work due to her low back pain and neck pain." Nadon argues that the ALJ provided no reasons for discounting this opinion, but the ALJ's decision explained that this testimony was given minimal weight because it merely recited Nadon's subjective reports of her condition and did not contain a specific medical opinion.

As the above demonstrates, the ALJ provided other reasons for discounting the various healthcare professionals'

opinions besides her consideration of Nadon's work as a personal care attendant.   Because Nadon failed to acknowledge these additional reasons, and therefore also failed to challenge the ALJ's reliance on them, the Commissioner was correct to assert that Nadon forfeited the argument that the ALJ did not provide sufficient reasons for discounting the opinions of the healthcare professionals. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (refusing to address an ALJ's reasons for rejecting a claimant's assertions when the claimant "failed to argue th[e] issue with any specificity in his briefing").

Last, Nadon argues that the ALJ erred by relying on the vocational expert's testimony to the extent it did not incorporate the limitations from the discounted opinions of the healthcare professionals.  Because this argument relies on the premise that the ALJ erred in discounting the healthcare professionals' opinions, which we have rejected, it too fails. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175–76 (9th Cir. 2008).

For the foregoing reasons, we **AFFIRM** the district court's judgment.