
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARTIN SCHIAFFINO,

               Plaintiff-Appellant,

  v.

KILOLO KIJAKAZI, Acting Commissioner
of Social Security,

               Defendant-Appellee.

No.   22-35288

D.C. No. 3:21-cv-05231-BAT

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Brian A. Tsuchida, Magistrate Judge, Presiding

Argued and Submitted February 14, 2023
Seattle, Washington

Before: PAEZ and VANDYKE, Circuit Judges, and LIBURDI,[**] District Judge.
Dissent by Judge PAEZ.

     Martin Schiaffino appeals the district court's affirmation of the denial of his

application for disability benefits. He contends the ALJ who denied those benefits

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael T. Liburdi, United States District Judge for the District of
Arizona, sitting by designation.

improperly discounted (1) his testimony, (2) lay witnesses' statements, (3) the supportive opinion of an examining physician, and (4) a disability determination by the Veterans Administration. He further contends the ALJ miscalculated his residual functional capacity (RFC) by not giving greater weight to limitations found only in those discounted sources. He lastly contends this is an extraordinary case where we can remand for an award of benefits. We have jurisdiction under 28 U.S.C. § 1291, and we deny the appeal.

Martin Schiaffino is a college-educated veteran who was continuously employed, often as a manager, during the first years after he transitioned into civilian life. When he lost his job at a home improvement store in 2015, he conducted a wide-ranging job search and swore on his application for unemployment benefits that he was ready and able to take any job offered. But three months into that job search, he applied for social security income and disability insurance benefits (SSDI). In his application, he swore he had been unable to work any job during the preceding months because of mental and physical disabilities including PTSD and diabetes mellitis.

The Social Security Administration denied him SSDI. The district court affirmed, but our court in 2020 remanded for the agency to further develop the record and reconsider Schiaffino's application.

The agency added approximately 1,700 pages of medical documentation to

Schiaffino's administrative record before a different ALJ reheard the case. That second ALJ again denied benefits. The district court affirmed on appeal, and Schiaffino now appeals to us.

We review a district court's judgment affirming the agency's denial of SSDI de novo, and we "set aside a denial of benefits only if it is not supported by substantial evidence or is based on legal error." *Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022) (quotation omitted). Substantial evidence is such "relevant evidence" as "a reasonable mind might accept as adequate to support a conclusion." *Farlow v. Kijakazi*, 53 F.4th 485, 487–88 (9th Cir. 2022) (quotation omitted). If the evidence in the record "is susceptible to more than one rational interpretation," the ALJ's conclusion "must be upheld." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (internal quotation marks and citation omitted).

To determine whether a claimant is disabled within the meaning of the Social Security Act, an ALJ must follow a prescribed five-step analysis. *See* 20 C.F.R. § 404.1520. In the first four steps, the ALJ determines whether the claimant has a disability that is "severe enough to prevent [him] from doing a gainful activity" and whether the claimant retains sufficient RFC to perform any job he's done in the past 15 years. 20 C.F.R. § 404.1520(a)(4)(iii), (e); 20 C.F.R. § 404.1525(a); 20 C.F.R. § 404.1560(b)(1). If he cannot, the burden shifts to the agency to prove he can perform "a significant number of other jobs in the national economy." *White v.*

*Kijakazi*, 44 F.4th 828, 833–34 (9th Cir. 2022); *see* 20 C.F.R. § 416.960(c)(2).

If the claimant testifies and provides corroborating medical evidence for his testimony and there is no evidence of malingering, the ALJ can reject his testimony only by offering "specific, clear, and convincing reasons for doing so." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). If the claimant offers a lay witness to corroborate his testimony, the ALJ must take that testimony into account unless "she expressly determines to disregard [it] and gives reasons germane to each witness for doing so." *Diedrich v. Berryhill*, 874 F.3d 634, 640–41 (9th Cir. 2017) (internal quotation marks and citation omitted). An ALJ must evaluate all opinions a claimant offers from a medical professional. 20 C.F.R. § 404.1527(c). If those opinions contradict each other, she ultimately is "the final arbiter" with respect to "resolving ambiguities in the medical evidence." *Smartt*, 53 F.4th at 494.

In cases that involve veterans who have also applied for disability through the VA, an ALJ similarly must at least consider a VA determination of disability during her own review of the record and "must ordinarily give [it] great weight." *Luther v. Berryhill*, 891 F.3d 872, 876 (9th Cir. 2018) (quotations omitted). But a VA disability determination is not dispositive. *Valentine v. Comm'r of Soc. Sec. Admin*, 574 F.3d 685, 695 (9th Cir. 2009) (quotation omitted). An "ALJ is not compelled to adopt the conclusions of the VA's decisions wholesale," but may deviate from final VA determinations upon "contrary evidence that is 'persuasive, specific, valid'

and supported by the record." *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)).

Schiaffino argues the ALJ improperly rejected parts of his testimony about his symptoms as inconsistent with his medical record without offering any specific, clear, and convincing reason. But the ALJ provided such reasons. She chronicled his course of treatment from 2011 to 2020—considering and discussing individual treatment notes across years of Schiaffino's mental health exams—to draw from them a conclusion that the course of treatment was consistent with milder symptoms than his testimony suggests. And she surveyed the activities Schiaffino had been involved in since the alleged onset of his disability and found them dissonant with his testimony. Collectively, those considerations offer "such relevant evidence as a reasonable mind might accept as adequate to support" the ALJ's conclusion that Schiaffino's symptoms were milder than he claimed. *Smartt*, 53 F.4th at 494 (quotation omitted); *see also Smith*, 14 F.4th at 1113.

Schiaffino similarly argues that the ALJ committed error in failing to list his obsessive compulsive disorder as a severe impairment. But an ALJ's failure to identify every severe impairment at step two is not reversable error provided the ALJ considers all an individual's impairments—even those that are not severe—in assessing the RFC. *See Buck v. Berryhill*, 869 F.3d 1040, 1048-49 (9th Cir. 2017) (explaining that step two "is not meant to identify the impairments that should be

5

taken into account when determining the RFC"). In making her RFC findings, the ALJ explicitly listed Schiaffino's "obsessive behavior" before explaining why the inconsistencies in the medical record undermined the weight that could be given to his symptom testimony. Having specifically taken his obsessive behavior into account, any alleged error in failing to characterize Schiaffino's obsessive compulsive disorder as "severe" did not affect the ALJ's overall RFC assessment. *See id.* at 1049 (stating that RFC "should be exactly the same regardless of whether certain impairments are considered 'severe' or not") (emphasis omitted).[1]

Schiaffino further argues the ALJ impermissibly discounted his lay witnesses' statements. But that argument fails because his manager and wife both offered testimony substantially similar to his. That similarity meant the ALJ could discount their statements to the extent she discounted his similar statements. *Valentine*, 574

---

[1] The dissent "would remand because the ALJ failed to take into account the limitations caused by Schiaffino's obsessive compulsive disorder," specifically, his compulsive handwashing. Respectfully, the record belies the notion that the ALJ failed to take Schiaffino's obsessive behavior into account: she in fact refers to it in her analysis before concluding that (1) the "overall record does not establish" that Schiaffino's disabilities qualify as a severe disability under 20 C.F.R. § 404.1567a(c); and (2) Schiaffino retains residual functional capacity to hold certain jobs.

What the dissent ultimately disagrees with is the *weight* the ALJ gave this obsessive behavior in her analysis. But even if the evidence in the record "is susceptible to more than one rational interpretation," *Woods*, 32 F.4th at 788, it is well-settled that we cannot simply second guess the weight an ALJ gives to individual factors in her RFC analysis. Instead, we must review the RFC finding for substantial evidence. *Farlow* at 487–88.

F.3d at 694.

Schiaffino also argues the ALJ improperly discounted his examining physician's opinion. But his position is contrary to our precedent regarding the ALJ's power to weigh medical professionals' testimony. Provided an ALJ evaluates all the medical opinions in the administrative record and provides "specific and legitimate reasons" for her choices, she is the final arbiter of how much relative weight to give opinions that are in tension with or contradict each other. *Smartt*, 53 F.4th at 494; *see* 20 C.F.R. § 404.1527(c). Here, the ALJ incorporated into her RFC those parts of that examining physician's report—both those favorable to and those adverse to a disability finding—that were consistent with Schiaffino's subsequent medical records. Only those parts of the physician's assessment that conflicted with four other medical opinions, the medical records, and Schiaffino's activities were discounted.

Schiaffino argues the ALJ also improperly discounted the VA's disability determination. But an examination of the decision compels the opposite conclusion. The ALJ noted that the VA determination was inconsistent with objective findings in Schiaffino's medical records. That included material facts such as his mental state, demeanor, cognition, and communication skills. The ALJ's decision discussed an additional five years of medical treatment records that were necessarily unavailable to the VA when it rendered its decision in June of 2015. With this

expanded treatment history, the ALJ arrived at a conclusion contrary to the VA's. *See Valentine*, 574 F.3d at 695 (reasoning an "ALJ was justified in rejecting the VA's disability rating on the basis that she had evidence the VA did not"). And by noting the above inconsistencies, the ALJ's decision provided "persuasive, specific, valid reasons" for discounting the VA's disability rating. *McCartey*, 298 F.3d at 1076.

The dissent deems the ALJ's analysis nonetheless insufficient because, in the dissent's view, it does not remedy two analytical errors a prior panel of our court instructed the agency to fix when the case last was before us. *See Schiaffino v. Saul*, 799 Fed. App'x 473 (9th Cir. 2020). *First*, the agency was instructed not to reject the VA disability determination without analysis simply because VA and Social Security proceedings impose different evidentiary burdens for establishing disability. *Saul*, 799 Fed. App'x at 476. *Second*, the agency was instructed not to simply assume that some of Schiaffino's energetic leisure activities—such as four wheeling, shooting a gun, and taking a trip to Disneyland—show that he has capacities transferrable to a work setting. *Id.*

Respectfully, the dissent appears to misread either the prior panel decision or the second ALJ's analysis of the VA disability determination, which in fact responded to our prior panel's concerns and complied with its instructions. Responsive to the prior panel's first instruction, the second ALJ explained how she

8

had "independently weighed all of the evidence, including the evidence from the claimant's VA doctors, and arrived at a different conclusion than the VA did." That different conclusion arose not simply because the Social Security evidentiary standard is more demanding but because of an "inconsistency between the objective findings in the claimant's treatment record and the subjective asserted degree of limitation." The ALJ on remand then drilled down into a list of specifics showing that "objective medical evidence as a whole" is inconsistent with the VA's conclusion that Schiaffino is "unable to perform sufficient basic tasks to perform any work at all."

The ALJ also, in response to our prior panel's instructions, explained how Schiaffino's diverse and demanding leisure activities are inconsistent with his "asserted extreme level of limitation." The ALJ reviewed "most exams performed since the claimant's alleged onset date," which other parts of the ALJ's decision make clear included review of medical treatment notes and exams that postdate remand of the case. And she concluded from them that Schiaffino, the VA's disability determination notwithstanding, had "had an alert and oriented mental state, cooperative demeanor, good eye contact, a linear and goal-directed thought process, grossly intact cognition, normal speech, normal psychomotor activity, fair insight and judgment, and no perceptual abnormalities." The ALJ on remand then discussed how Schiaffino's diverse leisure activities "furthermore" provide concrete

illustrations of how those residual functional capacities manifest themselves in his life since he filed for benefits.

Schiaffino's final merits argument—that the ALJ's decision lacks substantial evidence in support of her RFC calculation—is derivative and duplicative of his arguments about how the ALJ considered and weighed the medical opinions. It fails in tandem with those arguments as discussed above. Similarly, because we reject Schiaffino's other arguments, we necessarily reject his argument that we should remand to the ALJ with instructions to award him the SSDI benefits he seeks.

We therefore **AFFIRM** the district court and **DENY** Schiaffino's request for an immediate award of disability benefits.

*Schiaffino v. Kijakazi*, No. 22-35288

Paez, J., dissenting:

I respectfully dissent.  Because the ALJ's decision is inconsistent with our precedent and with the specific law of this case, I would reverse and remand for further proceedings before the ALJ.  There are two critical reasons, which I discuss below, why I cannot join the majority's decision to affirm.

First, I would remand because the ALJ failed to take into account the limitations caused by Schiaffino's obsessive compulsive disorder ("OCD") in the RFC analysis.  *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (quoting SSAR 96-8p, 61 Fed. Reg. 34474, 34477 (July 2, 1996)) ("[I]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").  Although the majority argues that this failure did not affect the ALJ's overall RFC assessment, I do not agree with that reading of the record.  It is uncontroverted that Schiaffino's OCD symptoms led him to wash his hands 30 or 40 times a day, including every time he touched a doorknob, opened a drawer, or touched something someone else had touched.  This affliction caused problems at Schiaffino's last job because he had to take such frequent breaks.  At the administrative hearing, the vocational expert agreed that Schiaffino's handwashing would impact his ability to "sustain a

competitive job," including the jobs that she claimed were consistent with his limitations.

The ALJ's decision does not address or acknowledge the problems caused by Schiaffino's frequent handwashing after concluding that this limitation was not severe. Instead, the ALJ claimed that Schiaffino's ability to "take care of his own personal hygiene without reminders" cut *against* his asserted degree of limitation. Without providing any reasons to discount Schiaffino's OCD symptoms, these symptoms should have been considered in the RFC assessment. *See Buck*, 869 F.3d at 1049; *Laborin v. Berryhill*, 867 F.3d 1151, 1153 (9th Cir. 2017) (quoting SSAR 96-8p, 61 Fed. Reg. at 34478) ("The RFC assessment must '[c]ontain a thorough discussion and analysis of the objective medical and other evidence, including the individual's complaints of pain and other symptoms.'")

Second, I would remand because the ALJ failed to heed the instructions that we outlined the last time this case was before us. *See Schiaffino v. Saul* (*Schiaffino I*), 799 Fed. App'x 473 (9th Cir. 2020). In particular, the ALJ again improperly discounted the VA's disability determination by relying on the very same activities we explained were "not 'persuasive, specific, valid reasons for' discounting the VA disability rating," *id.* at 477 (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002), because "they do not show capacities transferrable to a work

setting." *Id.* at 476. These activities include the Disneyland trip, shooting a weapon, and other solitary activities. *See id.* at 477.

Contrary to the majority's suggestion, the ALJ did not rely on the additional medical records when she discounted the VA's disability determination. Instead, the ALJ ignored the VA's disability finding because the VA's regulations "resolve reasonable doubt in the claimant's favor, . . . which the SSA does not do." But there is no indication in the record that the VA found Schiaffino's application for benefits to be a close case and thus resolved all doubt in his favor. The fact that the Social Security regulations are different than the VA's regulations does not constitute a "persuasive, specific, valid reason" to discount the VA's disability determination and is not an appropriate basis for an ALJ to ignore the "great weight" that must be given to that determination. *See McCartey*, 298 F.3d at 1076.

As we said in our prior disposition, these "errors are not harmless." *Schiaffino I*, 799 Fed. App'x at 477. "The ALJ's assessment of Schiaffino's residual functional capacity . . . may well change once" his limitations are properly considered and "the VA's disability determination is given proper weight." *Id.* Accordingly, I would reverse and remand for further proceedings.